18398. Jones *et al. v.* Harrison.

Hawkins, Justice. Rebecca Powell, a resident of Fulton County, Georgia, died intestate on or about February 26, 1951, leaving an estate consisting of a furnished house of the probable value of $7,500. Flossie A. Jones, one of the plaintiffs in error, was selected by Clarence Kelson, the other plaintiff in error, to act as administrator, the latter alleging that he was the brother and sole heir at law of Rebecca Powell, deceased. On March 26, 1951, Georgia Coville Harrison, the defendant in error, filed her bill in equity, in which she alleged that she was the daughter, by virtual adoption, of Rebecca Powell; and she enjoined further prosecution of the application for administration, and prayed that she be decreed to be the daughter by virtual adoption of the deceased, Rebecca Powell. The defendants having filed their answer, the case came on for trial in Fulton Superior Court, whereupon it was stipulated between counsel (1) that the controlling issue in said case was whether or not Georgia Coville Harrison was the daughter by virtual adoption of Rebecca Powell, deceased, and that the case be tried before a jury as to this issue; and (2) that there had been no formal statutory adoption. The jury returned a verdict in favor of the plaintiff, the defendants duly filed their amended motion for new trial, and the exception here is to the judgment denying the motion for a new trial as amended. The plaintiffs in error insist that the verdict in favor of the plaintiff is contrary to law, for the reason that at the time the alleged parol contract to adopt was made, Rebecca Powell was a mar-

ried woman, living with her husband, and could not enter into a legal binding contract for the adoption of a child without her husband's participation. *Held:*

1. In 1919, at the time it is alleged the contract for adoption was made, the statute of force in this State with reference to adoption provided that "Any person desirous of adopting a child," might do so by following the procedure pointed out by the Code. Code (1910) § 3016. This section is a codification of the various acts dealing with the question of adoption as found in Ga. L. 1855-56, p. 260; 1859, p. 36; 1882-83, p. 59; and 1889, p. 69. The original act on the subject (Ga. L. 1855-56, p. 260) provides that "Any person desirous of adopting a child, so as to render it capable of inheriting *his,* or *her* estate, . . . may present *his* or *her* petition to the Superior or Inferior Court of the county where *he,* or *she* resides," and that on the showing• there provided for, "It shall be the duty of the court . . . to pass an order declaring said child to be the adopted child of such person, and capable of inheriting *his* or *her* estate." (Emphasis supplied.) At the time of the making of the alleged contract here involved, there was no statutory requirement that the husband and wife join in a petition for the adoption of a child (although the statute has since been changed so that the petition must be filed in the name of both husband and wife, except where the child is the stepchild of the party seeking to adopt (Code, Ann. Supp., § 74-402)), and there was no restriction placed by law upon the right of a married woman to enter into such a contract, but as to all contracts, with the exceptions pointed out in *Clements* v. *Hollingsworth,* 202 *Ga.* 684 (2a) (44 S. E. 2d 381) which are not here involved, a married woman stands upon the same footing as a man or feme sole as to her separate estate. In 1 Corpus Juris 1375, § 8, it is said: "In the absence of any express statutory provision to the contrary, either spouse may adopt a child without the other joining, in which case the adoption creates no relation, rights, or duties as between the child and the spouse who does not join." Substantially the same rule is laid down in 2 Corpus Juris Secundum 379, § 9. It follows that, at the time of the making of the alleged contract here involved, a married woman living with her husband was legally capable of entering into a valid contract for the adoption of a child without her husband's participation. See, in this connection, *Gorman* v. *Sherrod,* 154 *Ga.* 766 (115 S. E. 259); Baskette *v.* Streight, 106 Tenn. 549, 554 (62 S. W. 142); Moran *v.* Stewart, 122 Mo. 295, 299 (26 S. W. 962); DeBeque *v.* Ligon (Texas Civ. App.) 286 S. W. 749, 752.

2. Counsel for the parties having stipulated that no formal statutory adoption was involved, it was not error for the trial judge to fail to give in charge to the jury the provisions of Code § 74-401 et seq., dealing with statutory adoption.

3. It appearing from the amended motion for new trial and the affidavits attached thereto that counsel for the defendants had knowledge of the probable existence of the alleged newly discovered evidence, and that it could have been discovered by the exercise of proper diligence prior to the date of the trial, this ground of the motion is without merit.

4. There was some evidence to support the verdict, which has the approval of the trial judge, and the general grounds of the motion for new trial are without merit.

*Judgment affirmed. All the Justices concur, except Duckworth, C. J., not participating.*

ARGUED NOVEMBER 10, 1953—DECIDED JANUARY 11, 1954—REHEARING DENIED FEBRUARY 11, 1954.

*R. Pruden Herndon*, for plaintiffs in error.
*Noah J. Stone, T. Blake Jackson, Andrews & Jackson*, contra.

4. The evidence, though conflicting, was sufficient to authorize the verdict.
*Judgment affirmed. All the Justices concur, except Duckworth, C. J., not participating.*

