## 63451. ALL-PHASE ELECTRIC SUPPLY COMPANY v. TRANSAMERICA INSURANCE COMPANY et al.

BIRDSONG, Judge.

Performance Bond. Ace Contracting Co., Inc. contracted to perform work at the University of Georgia and in Fayette County for two separate school construction jobs. Electrical work on each of these three projects were subcontracted out by Ace to Rogers & Company Electrical Contractors. Rogers purchased all the electrical supplies and equipment for the three jobs from All-Phase Electric Supply Company. All-Phase as a protection to its interests obtained an agreement from Ace to make all progress payments on the electrical work by check from Ace payable to All-Phase and Rogers jointly. As surety, Ace obtained a performance bond for the three contracts from Transamerica Insurance Company. Though the evidence was disputed at the ultimate bench trial, the trial court was warranted in believing that Ace made progress payments to All-Phase and Rogers jointly based upon the certification of the architect as to the percentage of the contract performed as of the time of the payment. All-Phase offered contradictory evidence that Rogers (or All-Phase) would present to Ace vouchers for materials purchased from All-Phase and that Ace would make payments jointly to Rogers and All-Phase directing All-Phase to deduct from the check the value of the vouchers attached and pay the overage to Rogers as compensation for electrical services performed. Apparently upon completion of the three contracts, a dispute arose as to whether Ace had paid for all the electrical supplies and materials delivered by All-Phase to Rogers. All-Phase maintained that there remained an unpaid deficit on the three contracts of $41,169.84. Ace offered evidence that indicated Rogers had contracted to perform the electrical work on the three contracts for a total contract cost of $120,874.60. Ace established total payments for the three contracts by joint checks to All-Phase and Rogers, payments totaling $136,361.79. Ace argued to the trial court that by the completion of Rogers' work it had paid out more than the contracts initially called for and thus had satisfied its obligation of seeing that the materialmen had been paid. So far as Ace was concerned, it had paid more than enough to satisfy the cost of electrical material utilized in the three jobs. Its contention was that if All-Phase had elected to give Rogers such an amount of money out of the jointly payable checks that it was not possible to satisfy All-Phase's claims for materials furnished, that was All-Phase's internal decision. All-Phase maintained that there was an agreement between itself and Ace that All-Phase would only satisfy the actual vouchers attached to each

check and pay the remainder over to Rogers and that total payments made on vouchers left the $41,169.84 deficit. Ace denied the existence of such an agreement. The trial court elected to believe there was no agreement as to All-Phase's manner of payment. The trial court entered findings of fact and conclusions of law finding that Ace has satisfied the entire outstanding indebtedness and entered judgment for Ace and Transamerica. All-Phase brings this appeal enumerating as error two of the findings of fact, a finding of law and award of judgment to Ace and Transamerica. *Held:*

Serious and good faith arguments are presented by both All-Phase and Ace (Transamerica) as to the legal implications of joint payment of checks, agreements to pay for vouchers as presented, or payment for work in place, and failure of notice. While any or all of these arguments might have merit under the appropriate factual circumstances, we do not, on appeal, blindly accept the evidence of the plaintiff or that of the defendant or determine the merits of the case from a point of advocacy. Rather, we follow the rule that where the trial court finds the facts and enters judgment thereon, the sole question for determination is whether there is any evidence to authorize that judgment. It is our duty to construe the evidence to uphold the judgment rather than upsetting it. *Frost v. Williamson,* 239 Ga. 266, 268 (236 SE2d 615); *Bell v. Brewton,* 139 Ga. App. 463, 464 (228 SE2d 600). This duty is not changed simply because there are serious discrepancies in the evidence. *Cotton v. John W. Eshelman & Sons,* 137 Ga. App. 360, 365 (223 SE2d 757). In fact with reference to actions in an appropriate trial forum tried upon the facts without a jury, it has been held consistently that even though the findings of fact and conclusions of law contended for by the appellant would have been authorized by the evidence presented on the trial, yet, where the facts found by the trial court were authorized by the evidence, such findings will not be set aside. *Williams v. Mathis,* 237 Ga. 305, 306 (227 SE2d 378). In the absence of legal error (and we have found no error of substance in this case nor has one been suggested to us), an appellate court is without jurisdiction to interfere with the judgment supported by some evidence even where the judgment may be against the preponderance of the evidence. *Thompson v. Hill,* 143 Ga. App. 272, 276 (238 SE2d 271). The facts in this transcript satisfy the "any evidence" rule.

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

DECIDED APRIL 13, 1982.

*Dock H. Davis,* for appellant.

*Gregory A. Ward, Lewis E. Hassett,* for appellees.