## 66487. WILSHIRE MANUFACTURING COMPANY OF DELAWARE v. WHITMORE.

SOGNIER, Judge.

Jack Whitmore sued Wilshire Manufacturing Company of Delaware for commissions earned and unpaid on the sale of merchandise for Wilshire Manufacturing's account. After a bench trial, the trial court rendered judgment in favor of Whitmore. Wilshire Manufacturing appeals.

1. Appellant contends that the trial court erred in denying its motion for a new trial on the basis of newly discovered evidence. Newly discovered evidence as grounds for a new trial requires a showing that the failure to discover that evidence was not due to any lack of diligence. Here the newly discovered evidence, a letter, was in appellant's possession but was not discovered prior to trial because appellant had misfiled the letter. This letter was not of such character that the exercise of due diligence would not have discovered it before trial. *Booker v. State,* 50 Ga. App. 66 (176 SE 917) (1934). See *Jones v. Harrison,* 210 Ga. 373, 374 (3) (80 SE2d 155) (1954). The grant or denial of a new trial on account of newly discovered evidence is within the discretion of the trial judge. *Atlantic C. L. R. Co. v. Smith,* 107 Ga. App. 384, 388 (7) (130 SE2d 355) (1963). We find no abuse of that discretion in the trial court's denial of appellant's motion for a new trial.

2. Appellant presents several enumerations of error challenging the sufficiency of the evidence. Evidence was adduced at trial that the parties entered into an agreement whereby appellee would make sales of appellant's merchandise and earn a commission on those sales. Pursuant to that agreement, appellee issued purchase orders to

a third party purchaser, Bowen, for goods that were shipped, received and paid for. Appellee was thus entitled to a commission in excess of $23,000 of which $18,105 remained unpaid. Further evidence showed that while Bowen issued appellant a second set of purchase orders, these orders were merely for Bowen's filing convenience and were not for the purpose of establishing new orders.

The "any evidence" rule applies to a judge sitting without a jury, and his judgment will not be disturbed if there is any evidence in the record to sustain it. *Azar v. Accurate Construction Co.,* 146 Ga. App. 326 (2) (246 SE2d 381) (1978). We have examined the record and, although the issues are vigorously contested, we find there is sufficient evidence to support the judgment. It is our duty to construe the evidence to uphold the judgment rather than upsetting it. *All-Phase Elec. Sup. Co. v. Transamerica Ins. Co.,* 162 Ga. App. 104, 105 (290 SE2d 208) (1982). The trial court did not err in rendering judgment in favor of appellee in the amount of $18,105.

*Judgment affirmed. Quillian, P. J., and Pope, J., concur.*

DECIDED OCTOBER 24, 1983.

*Jerry L. Sims,* for appellant.
*Martin L. Fierman, S. Lee Storesund,* for appellee.