70307, 70308. ATLANTA FOOT & LEG CLINICS, P.A. v. PATTON; and vice versa.
(335 SE2d 141)

SOGNIER, Judge.

Gordon W. Patton brought this action against The Atlanta Foot and Leg Clinics, P.A. (AFLC) for breach of contract. The trial court, sitting without a jury, found in favor of Patton and AFLC appeals. Patton cross-appeals from the amount of the judgment in Case No. 70308.

Patton, a podiatrist, entered into an employment contract with AFLC, which provided for the termination by either party on six months' prior written notice. In the event of such notice, Patton was obligated under the contract to perform his duties through the effective date of termination or, at AFLC's option, AFLC could suspend Patton immediately and pay his salary for six months from the date of the termination notice. Approximately one year after Patton entered into the contract, he attempted to renegotiate the amount of his compensation with AFLC. Thereafter, on May 20, 1982, AFLC sent Patton a letter stating that Patton's employment with it would terminate "at the close of business on June 30, 1982." Patton worked and was paid his salary through June 30, 1982. However, AFLC refused to pay Patton his salary through November 20, 1982, which Patton claimed as severance pay.

1. AFLC contends the trial court's finding that Patton was entitled to his claimed severance pay is not supported by the evidence.

"When a non-jury judgment by a trial court is reviewed by an appellate court in Georgia, we will not interfere with the findings of fact by the trial tribunal if there is 'any evidence' to support it. [Cit.]" *Wolfe v. Rhodes*, 166 Ga. App. 845, 847 (305 SE2d 606) (1983). AFLC

argues that its letter of May 20, 1982, was written to confirm a statement allegedly made to AFLC by Patton of his intent to terminate the contract without the required notice, and that Patton was thereby precluded from receiving severance pay because he anticipatorily breached the contract. However, Patton denied making such a statement and testified that he had informed AFLC that if negotiations between the parties were unsuccessful, he intended to give notice as required by the contract. Although disputed, Patton's evidence is sufficient to support the trial court's finding that AFLC's letter constituted notice of termination under the contract entitling Patton to severance pay following his suspension from employment. See *All-Phase Elec. &c. Co. v. Transamerica Ins. Co.*, 162 Ga. App. 104, 105 (290 SE2d 208) (1982). Because under the contract Patton's right to severance pay was absolute should AFLC suspend him prior to six months after its notice of termination, and thus Patton's right to this pay remained unaffected by the amount of earnings he made or should have made after he was suspended, we find no merit in AFLC's additional argument that Patton's damages should have been reduced under the "mitigation theory." See *Salvatori Corp. v. Rubin*, 159 Ga. App. 369, 374 (4) (283 SE2d 326) (1981).

2. AFLC contends the trial court erred by denying its motion to compel discovery. Although we find no abuse of discretion by the trial court because the documents sought were irrelevant and immaterial, see generally *Retail Credit Co. v. United Family Life Ins. Co.*, 130 Ga. App. 524, 526 (3) (203 SE2d 760) (1974), the record reveals that AFLC obtained and introduced those documents into evidence. Therefore, if there was error, it was harmless, and this enumeration is without merit. *Crosswell v. Arten Constr. Co.*, 152 Ga. App. 162, 163 (1) (262 SE2d 522) (1979).

3. Patton contends in his cross-appeal that the trial court erred by failing to conform its final judgment with its findings of fact and conclusions of law, thereby depriving him of an additional amount claimed under the contract. We agree.

The trial court found that Patton was entitled to $2,248 as "additional compensation" under the contract, but failed to include this amount in the final judgment. Although AFLC argues that the evidence on the issue of the "additional compensation" was conflicting, it was sufficient to support the trial court's finding. See *All-Phase Elec. &c. Co.*, supra at 105. Therefore, we remand this action to the trial court with direction that $2,248 be added to the final judgment in favor of Patton. See generally *Dozier v. Wallace*, 169 Ga. App. 126, 131 (6) (311 SE2d 839) (1983).

*Judgment affirmed in Case No. 70307 and case remanded with direction in Case No. 70308. Birdsong, P. J., and Carley, J., concur.*

DECIDED SEPTEMBER 12, 1985.

*Robert R. Ezor, Samuel S. Olens, Kenneth I. M. Behrman*, for appellant.
*Halsey G. Knapp, Jr.*, for appellee.