74370. WESTERN HOST ATLANTA, INC. v. BASS et al.
(358 SE2d 312)

McMURRAY, Presiding Judge.

Plaintiff, an entertainer, brought suit against defendant seeking damages stemming from the alleged breach of two performance contracts. The case was tried by the trial court sitting without a jury. Upon the close of the evidence the trial court entered judgment in favor of plaintiff and against defendant in the amount of $8,000. This sum was $3,550 less than the maximum amount of damages which plaintiff incurred.

Defendant appeals and in its sole enumeration of error contends the trial court erred by failing to hold that plaintiff did not mitigate her damages. *Held*:

1. The burden was upon defendant to prove that plaintiff could have lessened her damages. *Mimms v. J. L. Betts Co.*, 9 Ga. App. 718, 720 (2) (72 SE 271). Thus, it was incumbent upon defendant to prove that plaintiff did not mitigate her damages "as far as is practicable by the use of ordinary care and diligence." OCGA § 13-6-5. This defendant failed to do.

Although evidence was presented that defendant offered to reinstate the contracts if plaintiff was willing to perform during a two-week trial period, defendant failed to show whether plaintiff was in a position to work the two-week period into her schedule. It cannot be said, therefore, that the evidence demanded a finding that plaintiff could have mitigated her damages by the exercise of ordinary care and diligence. OCGA § 13-6-5.

2. Plaintiff's request for imposition of damages for a frivolous appeal is denied. Although defendant's enumeration of error is not meritorious, it is not so specious as to warrant the conclusion that the appeal was taken for the purpose of delay only. *Ranger Constr. Co. v. Robertshaw Controls Co.*, 166 Ga. App. 679, 683 (5) (305 SE2d 361).

*Judgment affirmed. Sognier and Beasley, JJ., concur.*

DECIDED JUNE 1, 1987.

*Robert J. Kaufman, Fredric Chaiken*, for appellant.

*Calvin A. Leipold, Jr.*, for appellees.