DECIDED APRIL 29, 1993.

*J. L. Jordan*, for appellant.
*David R. Passino*, for appellee.

A93A0482. VICTORY SIGN INDUSTRIES, LTD. v. POTTER.
(430 SE2d 882)

ANDREWS, Judge.

After Victory Sign Industries, Ltd. (Victory) terminated Potter in accordance with terms set forth in his employment contract, Potter sued to recover damages specified under the termination clause of the contract. Victory appeals from the order of the trial court granting summary judgment in favor of Potter.

The termination clause of the employment contract provided that: "Employer [Victory] may terminate Employee's [Potter's] employment with cause at any time with written notice to Employee setting forth in detail the actions of Employee which are alleged to constitute cause for termination. Employee shall, however, have the right to cure, during the thirty (30) day period succeeding such written notice, such cause prior to the effectiveness of such termination. . . . Termination . . . in any other manner . . . shall be deemed without cause. In the event the Employee's employment is terminated without cause, the Employer shall be required to pay the Employee (in the manner set forth herein), as the Employee's sole remedy for damages, the Base Salary, the Additional Salary and a Bonus amount (or an additional bonus amount, if any) for the full two-year period commencing on the Effective Date. In the event the Employee's employment is terminated with cause or the Employee terminates his employment for any reason whatsoever, the Employer shall only be obligated to pay the Employee an amount equal to the amount of the Base Salary earned as of the date of the termination, the full amount of the Additional Salary and a pro rata amount of the bonus (or additional bonus amount, if any) earned as of the date of such termination."

It is undisputed that on November 22, 1991, Victory terminated Potter without written notice and without cause under the terms of the employment contract. On November 26, 1991, Potter demanded that Victory pay him the damages specified by the contract for termination without cause. On November 27, 1991, Victory admitted that lack of the required written notice defined Potter's termination as one "without cause" under the express terms of the contract, and Victory offered to reinstate him with back pay, effective immediately. Victory

further stated that upon return to work, Potter would be given the required written notice of cause for his termination, and would be given the required 30-day opportunity to cure such cause. After Potter declined to accept the reinstatement offer, Victory informed Potter that the refusal to return to work would be deemed his voluntary termination of employment. Thereafter, Potter sued Victory to recover the damages specified under the contract for being terminated without cause. Victory defended in part by claiming that Potter failed to mitigate his damages by accepting the offer to return to work.[1] In support of this contention, Victory produced evidence that Potter did not accept other employment until about March 1992, and that when the reinstatement offer was made he had not changed his position in any way which would have prevented him from returning to work for Victory.

On summary judgment, the trial court concluded that Victory terminated Potter without cause under the terms of the employment contract, and that the damages sought by Potter were mandated under the terms of the contract. Generally, "[w]here by a breach of contract a party is injured, he is bound to lessen the damages as far as is practicable by the use of ordinary care and diligence." OCGA § 13-6-5; *Central Nat. Ins. Co. &c. v. Dixon*, 188 Ga. App. 680, 682 (373 SE2d 849) (1988). However, "[t]he rule requiring the plaintiff to protect himself from loss arising from breach of a contract is not applicable where there is an absolute promise to pay. . . ." *Reid v. Whisenant*, 161 Ga. 503, 510 (131 SE 904) (1926); see *J. C. Penney Cas. Ins. Co. v. Woodard*, 190 Ga. App. 727, 729 (380 SE2d 282) (1989); *Haley v. Oak Apartments, Ltd.*, 173 Ga. App. 44, 46 (325 SE2d 602) (1984). This is not a case where an employee seeks to recover as damages the remainder of his salary after being terminated prior to the expiration of the contractual term of employment. In those cases, mitigation of damages may be applicable. *Autotax, Inc. v. Data Input Corp.*, 136 Ga. App. 141, 142 (220 SE2d 456) (1975); *Western Host Atlanta v. Bass*, 183 Ga. App. 160 (358 SE2d 312) (1987). Rather, after being terminated without cause in accordance with the terms of the employment contract, Potter sought to collect damages required to be paid to him after such termination under the express terms of the contract. *Royal Crown Cos. v. McMahon*, 183 Ga. App. 543, 546 (359 SE2d 379) (1987) (plaintiff's right to severance pay was absolute under contract); *Atlanta &c. Clinics, P. A. v. Patton*, 176 Ga. App. 2, 3 (335 SE2d 141) (1985). Potter was under no obligation to mitigate these damages. The trial court correctly determined, as a matter of

---

[1] Victory's counterclaim against Potter for breach of another clause of the employment contract remains pending, and is not an issue in this appeal.

law, that Potter was entitled to summary judgment for the damages sought.

*Judgment affirmed. Pope, C. J., and Birdsong, P. J., concur.*

DECIDED APRIL 29, 1993.

*John O. Wiggins*, for appellant.

*Harriss, Hartman, Aaron, Wharton & Boyd, John L. O'Dell*, for appellee.