A94A1324. MOORE et al. v. WINN-DIXIE STORES, INC.
(447 SE2d 122)

BIRDSONG, Presiding Judge.

Appellants/plaintiffs, Annie and Robert Moore, brought a slip and fall suit against appellee, Winn-Dixie Stores, Inc. This appeal is from the grant of Winn-Dixie's motion for summary judgment, and from an order denying appellants' motion to compel discovery. *Held*:

1. Appellants assert the trial court erred in denying this motion to compel discovery of a written report by appellee's store manager made shortly after appellant's fall. Appellants have not enumerated as error Winn-Dixie's refusal to release information and documents regarding the reason for the subsequent termination of employment of a Mr. Black, who was working in the store on the day of the incident. Accordingly, this issue is not before us on appeal. See *Krebsbach v. State*, 209 Ga. App. 474, 475 (2) (433 SE2d 649).

A few days after Winn-Dixie filed a motion for summary judgment, appellants filed their motion to compel discovery of any and all written reports regarding the slip and fall incident and the entire personnel file of Mr. Black. Following an in camera inspection the trial court denied the motion; however, the trial court ordered that the documents examined in camera be sealed and attached to the record. To protect and effectuate our judgment, we have opened and examined those sealed documents. Ga. Const. of 1983, Art. VI, Sec. I, Par. IV. The sealed file consists of two documents: a customer accident report consisting of two pages and a one-page human resources changes document reporting the reason for Mr. Black's termination. We further note that, although the trial court denied discovery of

these documents the human resources changes document and page one of the two-page customer accident report inexplicably appear, without being sealed, at pages 404-405 of the transcript. The second page of the customer accident report, bearing the printed notation "Prepared In Anticipation Of Litigation," is a pre-printed form which bears no information relating to this incident except the location code of the Winn-Dixie store and the names, addresses, and phone numbers of four store "associates who were responsible for SUPERVISING or WORKING in the area where the alleged accident occurred or associate who may have been in the area just prior to the alleged accident." The associates listed on this form are Ms. Gravitt, Mr. Black, Ms. Tubner, and Mr. Burson. Mr. Black's name, address and phone number as known to Winn-Dixie as of the date the manager wrote the report, "6-4-92," is the only information listed about him on that form. This address and phone number is not the last known address and phone number subsequently disclosed by Winn-Dixie and discussed below. Further, neither the first nor second page of this customer accident report contains any type of statement by or attributable to Mr. Black, and the undisclosed second page contains no statements of fact, opinions, or any other form of conclusions or descriptions of or about the reported slip and fall incident.

The record further reveals that in the spring of 1993 in response to appellants' second interrogatories, Winn-Dixie disclosed the name of Mr. Black, his last known address (including zip code), his last known telephone number, his Social Security number, and dates of Mr. Black's employment with the store. Appellant does not assert in her brief that this particular information is not an accurate disclosure of the name, last known address, last known telephone number and Social Security number of Mr. Black. Any issue reasonably contained within an enumeration of error as to which there has not been any argument or citation of authority made in appellant's brief is deemed abandoned on appeal. *Boatright v. State*, 192 Ga. App. 112, 119 (10) (385 SE2d 298), citing, inter alia, *Melton v. Gilleland & Sons*, 176 Ga. App. 390 (1) (336 SE2d 315).

Additionally, Winn-Dixie disclosed Mr. Black's employment file, except for any existing disciplinary reports and/or notices of termination. The documents at issue pertaining to Mr. Black contain the same name and Social Security number but an earlier address and telephone number than Mr. Black's last known address discussed above. Moreover, in his deposition testimony, the co-manager of Winn-Dixie testified that he had fired Mr. Black for theft of a bag of steaks and other items.

Pretermitting whether it was error to deny the motion to compel is the issue of whether any resulting error would be harmless. Appellant has abandoned any claim that she was not in fact provided the

last known address and last known telephone number that Winn-Dixie had of Mr. Black. The documents at issue contained no statements attributable to Mr. Black, or any information regarding his location in the store either before, during, or immediately following the incident. Further, the trial court did examine the documents in camera. Under these circumstances, we find that there exists a high probability that the non-disclosure of these documents did not affect the judgment; accordingly, any error was harmless. OCGA § 9-11-61; see *Powers Ferry Constr. v. Commerce Builders*, 191 Ga. App. 327, 329 (2) (381 SE2d 755) (errors in admission or exclusion of evidence which would in no event alter or affect the outcome of the case are harmless); see also *Atlanta Foot &c. v. Patton*, 176 Ga. App. 2, 3 (2) (335 SE2d 141).

2. (a) Appellant made contradictory statements and answers to interrogatories, without providing a reasonable explanation therefor, as to whether she fell while attempting to obtain a light bulb or after she had abandoned that attempt and was moving down the aisle seeking toothpaste. Applying the rule of *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27 (343 SE2d 680), regarding contradictory statements, we construe the evidence as to this matter most strongly against appellant, and conclude that she fell while attempting to obtain a light bulb.

(b) Appellant testified, by way of deposition, that she "didn't get a chance to get the light bulbs. I slipped *before* I got to the bulbs. I just slipped down on that water on the floor." (Emphasis supplied.) She further testified, "I was just facing the light bulbs. I was going to go over and get it, but I fell before I got there. . . . I went to turn and just walked a few steps . . . proceeded to walk a few steps. That's when I slipped." As to the direction in which appellant was looking when she was coming around the shelf to go down the aisle where the incident occurred, appellant testified: "Like I said, when I turned to go, I was proceeding to get the light bulbs so quite naturally I'm going to look up on the shelf with the light bulbs, you know, *just looking at the light bulbs*." (Emphasis supplied.) Thus, appellant has admitted in her deposition testimony the fact that she was looking at the light bulbs, as she walked down the aisle and slipped. See generally *Shansab v. Homart Dev. Co.*, 205 Ga. App. 448, 451 (4) (422 SE2d 305). Additionally, any testimony contradicting this factual concession and not reasonably explained, would be construed against appellant under the rule of *Prophecy*, supra.

Appellant has admitted she was just looking at the light bulbs and, thus, was not watching where she was walking. "She did not exercise ordinary care for her own safety. On appellee's motion for summary judgment [cit.], even assuming appellee [Winn-Dixie] had knowledge of the peril, it was appellant's burden to come forward

with specific evidence that appellee's knowledge of the peril was superior, for this is the true ground of the proprietor's liability. When the perilous condition is known to the proprietor and *not known to the person injured*, a recovery is permitted [cit.], but the person injured is not excused from the duty to exercise ordinary care for her own safety. Not only must she show that the defendant had knowledge of the peril, she must show that she was without knowledge of its presence; she must exercise ordinary care for her own safety, and must by the same degree of care avoid the effect of the merchant's negligence after it becomes apparent to her or in the exercise of ordinary care she should have learned of it. She must make use of all her senses in a reasonable measure to discover and avoid those things that might cause hurt to her. [Cit.] Whatever appellee's knowledge of the peril, there is no genuine issue that the cause of appellant's fall was her own failure to exercise ordinary care." *Minor v. Super Discount Markets*, 211 Ga. App. 123, 124-125 (438 SE2d 384).

Further, the deposition testimony of the co-manager is not controverted that he had walked down and checked the aisle where appellant fell no more than five minutes before the incident, and the aisle was clear of foreign substance at that time.

*Barentine v. Kroger Co.*, 264 Ga. 224 (443 SE2d 485) is distinguishable and is not here controlling.

Appellant's contentions in support of her enumerations of error are without merit.

*Judgment affirmed. Blackburn, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED JULY 13, 1994 —
RECONSIDERATION DENIED JULY 27, 1994 —

*Nadler, Beskin & Scott, Gary M. Nadler*, for appellants.
*Fain, Major & Wiley, Gene A. Major, Darryl G. Haynes*, for appellee.