## 43571. HUSTON v. THE STATE.
(347 SE2d 556)

BELL, Justice.

Huston was convicted of the murder of Linda Oglesby and of kidnapping with bodily injury.[1] He received two consecutive life

---

[1] The crimes occurred on July 27, 1985. Huston was indicted for murder and kidnapping with bodily injury during the September 1985 term of the DeKalb County Grand Jury. He was tried on November 5-6, 1985, and found guilty on November 6. He filed a motion for new

sentences. He appeals, and we affirm.

Leroy Jackson, a friend of Huston, testified that about 7:30 a.m. on the morning of July 28, 1985, Huston came by his apartment and told him that he had shot his former girl friend, Linda Oglesby, and was going to turn himself in to the police. Jackson had lent his brother's car to Huston, and because Huston told him that he had shot Oglesby in the car and left the car in a wooded area, Jackson accompanied Huston to the police station.

At approximately 8:00 a.m. Huston and Jackson arrived at the DeKalb County Police Department where Huston told a police investigator that he had shot someone. Huston informed the police that the shooting occurred in Arabia Mountain Park in DeKalb County, and upon searching the park, the police found the body of Oglesby slumped in the front passenger seat of a car belonging to Jackson's brother. She had been shot five times in the head and back.

After discovering the body the police interviewed Huston twice that same day. The two statements which resulted from those interviews were later admitted at trial. In his first statement Huston said that he and the victim had formerly lived together, but had not been seeing each other for about three months. He stated that on Saturday night, July 27, he went to Oglesby's apartment to see if he could move back in with her. He said that they talked outside her apartment and that she refused to allow him to move back in. An argument ensued, and when Oglesby attempted to go inside her apartment, Huston pulled a gun on her and took her to Arabia Mountain. He said that after pulling the gun he intended to kill her.

In his second statement Huston said that on July 27, 1985, he had purchased a .38 caliber handgun and 12 bullets from a pawn shop as protection from persons with whom he previously had a cocaine deal. Around 10:00 p.m. that evening he went to Oglesby's apartment. Huston said he asked Oglesby to go for a ride, and she accepted. He then drove her to Arabia Mountain Park where they talked about getting back together. According to Huston, Oglesby "started getting loud and I couldn't reason with her. She was cussing me and raising sand about us not getting back together." Huston said he got mad, grabbed his gun, and told Oglesby to get out of the car. She refused, and when a truck pulled into the area, Huston shot her and ran into the woods, where he dropped the gun. After hiding out in the woods for several hours, Huston obtained a ride to Jackson's apartment.

trial on November 19. The court reporter certified the transcript on March 6, 1986. Huston amended his motion for new trial on April 21, 1986, and the trial court denied Huston's motion for a new trial, as amended, on April 24, 1986. Huston filed his notice of appeal on May 20, 1986, and his case was docketed in this court on June 4, 1986. The case was submitted for decision without oral arguments on July 18, 1986.

At trial Huston denied that he shot Oglesby. He testified that he was involved in a drug deal turned sour, and that he had bought a gun for protection. He said that he and Oglesby went to the park to talk and have sex, but that while they were talking, two white men pulled up in a pickup truck and turned the truck's lights off. He testified that they opened the truck's doors, and that one of them reached on the seat of the pickup. At that time, according to Huston, he ran from the car, telling Oglesby to do the same, and left his gun on the car seat. He heard shots but was too scared to go back and see if Oglesby was hurt. He admitted to telling Jackson and the police that he had shot Oglesby, but he said he only did so so that he would be put in jail for protection from the drug dealers.

Three .38 caliber bullets were recovered from the victim's body, but the police were unable to find a gun either in the car or in the woods surrounding the car. Tests demonstrated that the bullets were all fired from the same gun and that the gun was either an R.G., a Charter Arms, or an Arminius. The business records of the owner of the pawn shop where Huston said he purchased his gun showed that Huston purchased a .38 caliber Arminius on July 27.

1. After reviewing the evidence in a light most favorable to the jury's verdict, we conclude that it is sufficient to support Huston's convictions of murder and kidnapping with bodily injury. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Huston's sole enumeration of error on appeal is that the trial court erred in refusing to give his requested charge on voluntary manslaughter. Huston contends that the portion of his second statement to the effect that he shot Oglesby after she cussed him and raised sand about their not getting back together is sufficient evidence of provocation to require a charge on voluntary manslaughter. We disagree.

"The issue is whether there was any evidence that [the defendant] acted '. . . solely as the result of a sudden, violent, and irresistible passion resulting from serious provocation sufficient to excite such passion in a reasonable person. . . .' Code Ann. § 26-1102 [OCGA § 16-5-2 (a)]. 'While words and threats alone are generally not sufficient provocation, the issue of whether a reasonable person acts as the result of an irresistible passion may be raised by words which are connected to provocative conduct by the victim.' *Washington v. State*, 249 Ga. 728, 731 (292 SE2d 836) (1982)." *Veal v. State*, 250 Ga. 384, 385 (1) (297 SE2d 485) (1982).

In the instant case the evidence shows only that the victim communicated to Huston words which he did not want to hear — that the victim did not want to begin dating him again. There were no threats or provocative conduct of any kind by the victim, and, under these circumstances, the trial court did not err in refusing to charge on vol-

untary manslaughter. Id.
*Judgment affirmed. All the Justices concur.*

<span style="text-align:center">Decided September 3, 1986.</span>

*Lawrence L. Schneider,* for appellant.
*Robert E. Wilson, District Attorney, Elizabeth G. MacNamara, Assistant District Attorney, Michael J. Bowers, Attorney General, J. Michael Davis, Assistant Attorney General,* for appellee.