## 77748. MARTIN v. THE STATE.
### (379 SE2d 170)

BANKE, Presiding Judge.

The appellant was convicted of cruelty to children (OCGA § 16-5-70) based on evidence that he had attacked and beaten a six-year-old child. He filed this appeal from the denial of his motion for new trial. *Held*:

1. The appellant contends that the evidence was insufficient to support his conviction in that it failed to establish that the offense was committed in the manner alleged in the indictment. The indictment charged that the appellant did "maliciously cause [the child]

cruel and excessive physical pain by slapping him, pulling him off the bed by the hair of the head, hitting him in the face with his fist and choking him. . . ." Each and every one of these allegations regarding the actions of the accused was supported by the eyewitness testimony of the child's mother, which testimony was sufficient, in and of itself, to support inferences that the accused had acted with malice and that his acts had caused the child cruel and excessive physical pain. In addition, one of the arresting officers testified that he had observed a "sandpaper red place" on the side of the child's head, approximately two inches by two inches in size, which, when "lightly rubbed," caused the child to "squench[] his eyes as if it was real sore and tender." Although the state declined to question the child due to concern about whether his competency had been established, the above evidence was amply sufficient to enable a rational trier of fact to conclude beyond a reasonable doubt both that the appellant had committed the offense of cruelty to children and that he had done so in the manner alleged in the indictment. See generally *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Tracking the language of OCGA § 16-5-70 (b), the trial court charged the jury that "a person commits the offense of cruelty to children when he maliciously causes a child under the age of 18 cruel or excessive physical *or mental pain*." (Emphasis supplied.) The appellant contends that because the indictment in this case alleged only physical pain, the court erred in failing to follow up this statutory definition of the offense with an instruction that the state was required to prove the offense was committed in the manner alleged in the indictment.

This enumeration of error is also without merit. An examination of the transcript reveals that shortly after charging the provisions of the Code section, the court did in fact instruct the jury that to find the defendant guilty, they would be required to find beyond a reasonable doubt that he had committed the offense of cruelty to children *and* that he had maliciously caused the child cruel and excessive physical pain by committing the acts alleged in the indictment. This portion of the court's charge effectively cured any prejudice to the appellant which might have arisen from the earlier reading of the entire Code section. See *Lumpkin v. State*, 249 Ga. 834, 835 (295 SE2d 86) (1982). Accord *Searcy v. State*, 168 Ga. App. 233, 234 (308 SE2d 621) (1983).

3. During the course of their deliberations, the jury expressed confusion over the distinction between the offense of cruelty to children and the lesser included offense of simple battery, which has also been charged. The court responded with the following instruction: "The distinguishing factor between the two is a child 18 years of age and, also, the other elements of excessive or cruel or excessive physi-

cal or mental pain, more than what you would normally do to some-one, some child, if you had a right to do it." The court thereupon repeated its charge on simple battery, following which the foreperson stated: "Well, in the word 'cruelty' we were in a dissertation upstairs as to whether foul language is cruel treatment of a child." The court responded as follows: "M'am, I'm going to leave all that to the jury. There is no specific charge on that . . . We have law on it, but it says 'causes a child under the age of 18 years cruel or excessive physical or mental pain.' So you've got three things there. It's up to the jury, a question of fact."

The appellant complains on appeal that, like the original charge, this recharge was erroneous in that it would have authorized a conviction based on the infliction of mental pain, although the indictment specified only physical pain. However, upon being asked at trial whether he had any objections to the recharge, defense counsel responded as follows: "Judge, one objection for the record. We would object to the court stating to the jury that you could find cruelty to children if you find the act to be over and above what you were entitled to do." Because counsel thus indicated that he had no other objections to the charge, and because the objection asserted at trial is not the one asserted on appeal, this enumeration of error presents nothing for review. See *Rivers v. State*, 250 Ga. 303 (7) (298 SE2d 1) (1982); *Jolley v. State*, 254 Ga. 624 (3), 628 (331 SE2d 516) (1985).

We reject counsel's assertion that the court's failure to exclude mental pain as an issue during the recharge constituted such prejudicial error that it could not be waived. See generally OCGA § 5-5-24 (c). The state made no attempt in this case to prove that the crime was committed in a manner other than that alleged in the indictment, nor did the appellant object at any time during the proceedings that the issue of mental pain was being improperly interjected into the case. The state supported the allegation that the appellant had caused the child cruel and excessive physical pain by introducing uncontroverted evidence that he had grabbed the child by the hair, hit him in the face with his fists, and choked him. This was the only version of what transpired, the appellant having presented no evidence whatsoever in his own behalf. Consequently, this is not a case in which the evidence offered in support of the specific allegations set forth in the indictment was weak or in conflict with other evidence suggesting that the crime, if committed at all, was committed in some manner other than that alleged in the indictment. Compare *Gaines v. State*, 177 Ga. App. 795 (1) (341 SE2d 252) (1986); *Robinson v. State*, 152 Ga. App. 296 (262 SE2d 577) (1979); *Walker v. State*, 146 Ga. App. 237 (246 SE2d 206) (1978). Under the circumstances before us, we hold that the asserted error in the recharge cannot be considered so substantial as to obviate the appellant's affirmative waiver of it in

the court below.

Judgment affirmed. *Deen, P. J., McMurray, P. J., Birdsong, Sognier, and Pope, JJ., concur. Carley, C. J., Benham and Beasley, JJ., dissent.*

BEASLEY, Judge, dissenting.

Although I concur in Divisions 1 and 2, I respectfully dissent because defendant is entitled to a new trial due to error in the recharge.

It appears that the jury was uncertain about the law during its deliberations and asked for further instruction. The record does not indicate what the jury's question was, but the judge later stated his understanding that the jury wanted to know the distinction between cruelty to children and simple battery. .

Based on this understanding, the court had recharged the jury as described in the majority opinion.

In this recharge, the court repeatedly left room for the jury to find defendant guilty based, at least in part, upon a finding of the infliction of mental pain. There was evidence that defendant used foul language in dealing with the child in this incident, exacerbating the situation. It is clear from the foreman's statement that the jury was considering mental pain. The court did not steer the jury from the misconception evidenced by the jury foreman's statement. What is more, the court expressly authorized a consideration of this aspect of defendant's behavior towards the child by repeating that the statute prohibits "cruel or excessive physical or mental pain," and leaving to the jury the determination of the question of fact.

This was a heightening of the somewhat misleading nature of the original charge. That charge did not clearly point out to the jury that the "mental pain" portion of OCGA § 16-5-70 (b), which the court chose to read to the jury when giving the definition of the crime, was not an alternative basis for conviction in this case. I agree with Division 2 of the majority opinion, that the all-inclusive wording used by the court in the original charge was cured by later referring in that original charge to the narrower language of the indictment, but the reiteration of the more expansive wording when the recharge was given casts a wider net than woven by the indictment.

At the least, it cannot be said that the jury did not regard the mental pain as being a dominant factor in finding the physical pain to be excessive. Allowing the jury to convict on a finding of mental pain runs counter to the indictment. This constitutes a deprivation of a fair trial because defendant was not charged with inflicting mental pain. See *Dendy v. MARTA,* 163 Ga. App. 213, 219 (3B) (293 SE2d 372) (1982), rev'd on other grounds, 250 Ga. 538 (299 SE2d 876) (1983); *Barnett v. State,* 178 Ga. App. 685 (1) (344 SE2d 665) (1986); *Walker v. State,* 146 Ga. App. 237, 243 (2) (246 SE2d 206) (1978);

*Owens v. State*, 173 Ga. App. 309, 312 (4) (326 SE2d 509) (1985).

This error is substantial and falls within the rarely occasioned category of OCGA § 5-5-24 (c). *Laney v. State*, 184 Ga. App. 463, 466 (2) (361 SE2d 841) (1987). Compare *Sims v. Johnson*, 185 Ga. App. 720 (365 SE2d 532) (1988). The absence of clarity does not relate to a collateral matter, as did the absence of a charge in *Burger v. State*, 245 Ga. 458 (1) (265 SE2d 796) (1980).

I am authorized to state that Chief Judge Carley and Judge Benham join in this dissent.

DECIDED FEBRUARY 6, 1989 —
REHEARING DENIED FEBRUARY 27, 1989 — ▮▮▮▮▮▮

*The Garland Firm, Donald F. Samuel,* for appellant.
*Roger G. Queen, District Attorney,* for appellee.