S90A0302. HATCHETT v. THE STATE.

(388 SE2d 694)

CLARKE, Chief Justice.

Henry Lee Hatchett, Jr. was convicted of the malice murder of Diane Hatchett, his former wife, and sentenced to life imprisonment.[1]

The evidence at trial showed that several months following their divorce the Hatchetts attempted a reconciliation, and discussed remarrying. Subsequently the defendant discovered a love letter to the victim from a man with whom she had been involved during their marriage. The defendant waited for several weeks before confronting the victim with the letter. On the morning of November 28, 1988, the defendant drove to the victim's residence, parked his car a block from her home, and waited for her. After she left the house in her car the defendant followed her and forced her off the highway. When the victim rolled down her window to speak to the defendant, the defendant told her he wanted to speak about the letter. She told him she did not

---

[1] The crime was committed on November 28, 1988. The defendant was tried May 17-19, 1989 and sentenced on May 19, 1989. His motion for new trial was filed on June 16, 1989, and denied on October 19, 1989. The appeal was docketed in this court on December 4, 1989, and submitted on briefs on January 19, 1990.

have time to talk to him. Eyewitnesses testified that the defendant "ripped out" the window in the victim's car and pulled her out of the car. He dragged her toward his car and then let her go. As she backed away, pleading with him to not hurt her, he shot her in the head. The evidence is undisputed that the victim's only communications to the defendant after he removed her from the car were her screams and pleas to leave her alone.

1. The defendant contends that the trial court erred in refusing to charge voluntary manslaughter. We do not agree.

There was no evidence that the defendant acted "solely as the result of a sudden, violent and irresistible passion resulting from serious provocation sufficient to excite such passion in a reasonable person. . . ." OCGA § 16-5-2 (a); *Huston v. State*, 256 Ga. 276 (347 SE2d 556) (1986).

The defendant argues that he acted as the result of cumulative events, including his discovery of the love letter to the victim, the victim's refusal to talk to him several days prior to the shooting, and her alleged history of infidelity during their marriage. He also points out that there was a "verbal and physical confrontation" immediately prior to the shooting. He takes the position that this evidence authorizes a charge on voluntary manslaughter under the authority of *Brooks v. State*, 249 Ga. 583 (292 SE2d 694) (1982), and *Strickland v. State*, 257 Ga. 230 (357 SE2d 85) (1987).

However, the only evidence of the victim's participation in this confrontation was the defendant's testimony that she hit him in the face with her car keys when he dragged her from her car. The defendant testified that he did not shoot her because she struck him. Additionally, *Brooks* and *Strickland* are distinguishable from this case. In each of those cases a charge on voluntary manslaughter was authorized because the victims recounted their adulterous conduct to the defendants just prior to the shootings. In this case there was an interval of at least three weeks between the defendant's discovery of the letter and the shooting, and an interval of several months between the victim's alleged conduct and the shooting. The trial court was authorized to conclude as a matter of law that these events did not constitute even slight evidence of provocation because of the lengthy cooling off period. *Aldridge v. State*, 258 Ga. 75 (365 SE2d 111) (1988). Therefore, we find no error.

2. We conclude that a rational trier of fact was authorized to find the defendant guilty of malice murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. All the Justices concur.*

*Richard W. Mobley,* for appellant.

*Douglas C. Pullen, District Attorney, Martha D. Blackmon, Assistant District Attorney, Michael J. Bowers, Attorney General, Richard C. Litwin,* for appellee.