## S90A0152. PEEBLES v. THE STATE.
### (391 SE2d 639)

SMITH, Presiding Justice.

The appellant, Richard Peebles, was sentenced to two consecutive life terms for the murder and kidnapping with bodily harm of Mary Dunn. We affirm.[1]

A search warrant was obtained and the appellant's dwelling place was searched after he became a suspect in some burglaries in the area. The search linked him to the kidnapping and murder of the victim. The appellant gave several conflicting statements to the police. In a recorded confession he admitted to helping tie up the victim, forcing her to walk from the dwelling place toward a truck, and finally shooting her in the back of the head. The men hauled the body to another area and left it. They then went to a friend's house in an effort to create an alibi.

The jury heard expert witness testimony that linked evidence found on and near the body with evidence found in and near the dwelling place. The victim died as the result of a single, close range gunshot to the back of her head.

1. The appellant contends that the trial court erred in refusing to grant his motion for a continuance on the ground that there was insufficient time to prepare for trial.

The appellant's counsel was appointed on December 28, 1988 and he appeared before the court on April 5, 1989 at the calendar call and answered "ready." The trial began on April 24, 1989. At the hearing the trial court specifically found that there was not an "adequate [reason] to grant the continuance. . . ." After denying the motion, the trial court ruled that it would reconsider the motion if the appellant could come up with "something specific" on the morning of the trial.

---

[1] The crimes were committed on December 12, 1988. The Fannin County jury found the defendant guilty on April 28, 1989. A notice of appeal was filed on May 30, 1989. The transcript of evidence was filed on October 17, 1989. The record was docketed in this Court on November 2, 1989. The case was submitted on December 12, 1989.

The morning of the trial the appellant's counsel merely renewed his motion.

The grant or denial of a motion for a continuance is left to the sound discretion of the trial court and it is not to be disturbed unless it clearly appears that there is an abuse of discretion. *Pope v. State*, 256 Ga. 195, 207 (345 SE2d 831) (1986). We find no abuse of discretion.

2. The appellant argues that the trial court erred in refusing to grant his motion for an additional psychiatric evaluation.

An initial evaluation was requested and completed; it revealed that the appellant was competent at the time the crimes were committed and competent to proceed to trial. No special plea of insanity was filed.

> In the absence of a special plea of insanity, an accused's request for a psychiatric evaluation lies within the sound discretion of the trial court. The trial court's ruling will not be interfered with absent a showing of abuse of that discretion. . . .

*Duck v. State*, 250 Ga. 592, 596 (300 SE2d 121) (1983). We find no such abuse.

3. The trial court did not abuse its discretion in refusing to grant the appellant's motion for a change of venue. *Chancey v. State*, 256 Ga. 415, 429 (349 SE2d 717) (1986).

4. A trial court's findings as to factual determinations and credibility relating to the admissibility of a confession will be upheld on appeal unless they are found to be clearly erroneous. *White v. State*, 255 Ga. 210, 212 (336 SE2d 777) (1985). We find no error in the trial court's denial of the appellant's motion to suppress his statements.

5. The appellant contends that the trial court erred in recharging the jury on kidnapping and in refusing to grant his request for a charge on false imprisonment.

The jury was charged on the law of kidnapping and no objection was made to the charge. The appellant made no request for a charge on false imprisonment. The jury requested to be recharged on kidnapping, and the court recharged the law exactly as originally charged; no objection was made. Later, the jury requested a recharge on kidnapping; the court recharged the jury exactly as before, this time over objection. The jury thereafter asked the court to clarify the law of kidnapping. The court, over objection, recharged the jury by specifically addressing the areas in which the jury sought clarification. The appellant, for the first time, requested a charge on false imprisonment, but it was denied after the court ruled that the evidence did not authorize the charge.

a. The need, breadth, and formation of additional jury instructions are left to the sound discretion of the trial court. *Walter v. State*, 256 Ga. 666, 668-69 (352 SE2d 570) (1987). The trial court gave additional instructions to the jury which addressed only the jury's specific questions. We find no abuse of discretion.

b. The trial court did not err in failing to give the appellant's requested charge on false imprisonment; the request was not made at or before the close of the evidence, OCGA § 5-5-24 (b), and the evidence did not authorize the charge. *Bouttry v. State*, 242 Ga. 60, 61-62 (247 SE2d 859) (1978).

6. Reviewing the evidence in a light most favorable to the jury's verdict, we find that a rational trier of fact could have found the appellant guilty of murder and kidnapping beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 17, 1990.

*Roger E. Bradley,* for appellant.
*Roger G. Queen, District Attorney, Michael J. Bowers, Attorney General, Leonora Grant,* for appellee.