S91A1624. RASKIN v. THE STATE.
(412 SE2d 832)

HUNT, Justice.

Defendant Fred Raskin appeals his convictions for murder, false imprisonment, and possession of a firearm in the commission of a felony, for which he received sentences of life, ten years and five years, respectively.[1] On March 29, 1988, the defendant, an attorney from Louisville, Georgia, kidnapped and shot his estranged wife, stuffed her body in the 55-gallon drum he had purchased at a hardware store the day before, left the barrel in a rented storage warehouse, and fled. He was arrested nearly a year later in Florida. After he was returned to Augusta, the defendant made an incriminating statement to investigators. Two weeks later, he was hospitalized for several months because of mental illness. At trial, he relied on his history of mental illness to support his plea of insanity, but the jury nevertheless found him guilty of murder. He challenges the admissibility of his custodial statement and the failure to charge on voluntary manslaughter. We affirm.

1. Having reviewed the evidence in the light most favorable to the jury's determination, we conclude that a rational trier of fact could have found the defendant guilty of murder, false imprisonment, and possession of a firearm in the commission of a felony, beyond a reasonable doubt. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Crawford v. State,* 245 Ga. 89, 90 (263 SE2d 131) (1980).

---

[1] The victim was killed on March 29, 1988. The defendant was indicted in February 1989, and found guilty by a jury on November 14, 1990. His motion for new trial was filed on December 11, the transcript was certified by the court reporter on February 6, 1991, and the motion denied on July 5. Defendant's notice of appeal was filed on July 26, and the case docketed in this court on September 4. Oral argument was presented and the case submitted for decision on November 12, 1991.

2. We have carefully reviewed the testimony presented at the *Jackson-Denno* hearing and hold the trial court's decision to admit the defendant's statement into evidence was not clearly erroneous. *Peebles v. State*, 260 Ga. 165, 166 (391 SE2d 639) (1990); *Maggard v. State*, 259 Ga. 291, 292 (380 SE2d 259) (1989).

3. The defendant did not testify. All evidence related to the shooting, including his in-custody statement and statements made to other witnesses, demonstrated a deliberate, premeditated killing and did not authorize a charge on voluntary manslaughter. Under these circumstances, there was no error in refusing such a charge. *Hatchett v. State*, 259 Ga. 857, 858 (388 SE2d 694) (1990).

*Judgment affirmed. Clarke, C. J., Weltner, P. J., Bell, Benham and Fletcher, JJ., concur.*

DECIDED FEBRUARY 6, 1992.

*William R. McCracken,* for appellant.

*Michael C. Eubanks, District Attorney, Michael J. Bowers, Attorney General, C. A. Benjamin Woolf, Staff Attorney,* for appellee.