S92A1120. HOWARD v. THE STATE.
(426 SE2d 365)

HUNT, Presiding Justice.

Kenneth Daniel Howard was convicted of the felony murder, burglary, and armed robbery of Edgar Couch.[1] He appeals, contending error in the trial court's finding that a key witness was not Howard's common-law wife, the trial court sequestering that witness, and the trial court's refusal to suppress certain statements of the defendant. We affirm.

The jury was authorized to find that the defendant and two other men, all employed at a traveling carnival, were in the process of bur-

---

[1] The crimes were committed on September 25, 1990. The defendant was indicted by the Gwinnett County Grand Jury on July 31, 1991, for felony murder, malice murder, burglary and armed robbery. The jury convicted the defendant on all but the malice murder charges following a trial, February 3 through February 10, 1992. The trial court merged the burglary conviction with the felony murder conviction, and sentenced the defendant to two consecutive life sentences for the felony murder and armed robbery convictions. The defendant filed a timely notice of appeal. The appeal was docketed in this court on June 11, 1992, and orally argued on September 22, 1992.

glarizing the victim's house. When the victim returned unexpectedly, the defendant shot and killed him.

1. Having reviewed the evidence in the light most favorable to the jury's determination, we conclude that a rational trier of fact could have found the defendant guilty of the crimes for which he was convicted beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The trial court admitted the testimony and statements of Nora June Keen over her assertion of the marital privilege, OCGA § 24-9-23. Contrary to the defendant's argument, there was substantial evidence in support of the trial court's finding, following a hearing outside the presence of the jury, that there was no common-law marriage. *Schirato v. State*, 260 Ga. 170, 171 (2) (391 SE2d 116) (1990).

3. The defendant contends the trial court erred in denying the defendant access to Nora June Keen prior to trial. The trial court prohibited both the state and the defendant from contacting the witness before her trial testimony. The defendant correctly argues that the defense cannot be denied access to a material witness. *Emmett v. State*, 232 Ga. 110, 113 (2) (a) (205 SE2d 231) (1974). The defendant must be given that access so that he can adequately prepare and conduct an effective cross-examination of the witness. See *Hicks v. State*, 232 Ga. 393, 399 (207 SE2d 30) (1974); OCGA § 24-9-60. However, here, the trial court denied access to the witness because defense counsel indicated he intended to meet with the witness to give her legal advice regarding the trial court's ruling on her claim of a marital privilege. At trial, the defendant did not contend the denial of access to the witness impeded his trial preparation. Nevertheless, even assuming this argument is preserved for appeal, the defendant has shown no harm resulting from any error on the part of the trial court in this regard. The defendant interviewed the witness prior to her testimony before the evidentiary hearing regarding her claim of a common-law marriage with the defendant. He does not claim his cross-examination of the witness at trial was abridged in any manner, or that it would have differed had he interviewed the witness the night before her trial testimony. We find no harmful error. See *Johnson v. State*, 238 Ga. 59 (230 SE2d 869) (1976).

4. We have carefully reviewed the testimony presented at the *Jackson-Denno* hearing and hold the trial court's decision to admit the defendant's statements into evidence was not clearly erroneous. *Raskin v. State*, 261 Ga. 848, 849 (2) (412 SE2d 832) (1992); *Sanford v. State*, 261 Ga. 556 (2) (b) (408 SE2d 110) (1991).

*Judgment affirmed. Clarke, C. J., Benham, Fletcher, Sears-Collins, Hunstein, JJ., and Judge Frank C. Mills III concur.*

786

Clark & McLaughlin, Michael C. Clark, Leslie J. Cardin, for appellant.

Thomas C. Lawler III, District Attorney, Debra K. Turner, Assistant District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, C. A. Benjamin Woolf, Assistant Attorney General, for appellee.