## A93A1380. AUTRY v. THE STATE.
(435 SE2d 512)

BIRDSONG, Presiding Judge.

Jeffrey Lee Autry appeals his conviction of burglary. Autry contends the evidence is insufficient to support his conviction and he also contends the trial court erred by admitting his confessions in evidence and by allowing an officer to testify who had not produced his notes for examination by the defense counsel. *Held*:

1. Autry's contention that the evidence is insufficient to support the conviction is without merit. On appeal the evidence must be viewed in the light most favorable to the verdict, the appellant no longer enjoys the presumption of innocence, and the appellate court determines the sufficiency of the evidence and does not weigh the evidence or judge the credibility of the witnesses. *Grant v. State*, 195 Ga. App. 463 (393 SE2d 737).

The evidence shows that a man, subsequently identified as Autry, fled from the window of a home and ran to some nearby woods where he was apprehended shortly. Thereafter on two occasions Autry confessed that he had broken into the home. Further, items taken from the home were found in the trunk of Autry's car which was parked in the carport of the home. We conclude from this evidence that a rational trier of fact could have found the defendant guilty of the crimes for which he was convicted beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Crawford v. State*, 245 Ga. 89, 90 (263 SE2d 131).

2. Autry contends that his confessions should not have been admitted because they were not voluntary as they were the result of his hope of reward and the trial court did not give sufficient credit to his mental problems. These contentions are also without merit.

The transcript shows that during the *Jackson-Denno* hearing held to consider the admissibility of the confessions, the officer who took the confessions from Autry testified that he properly warned Autry of his rights, that Autry appeared to understand these rights, and that the officer did not threaten Autry or promise him any reward. This testimony is corroborated by rights waiver statements signed by Autry which were introduced at the hearing. From the evidence

presented at the hearing, the trial court found that from a preponderance of the evidence Autry was advised of and understood his rights and he voluntarily waived them, and that his statements were freely and voluntarily given without hope of benefit or fear of injury. Unless clearly erroneous, a trial court's findings on factual determinations and credibility relating to admissibility of a confession will be upheld on appeal. The question of whether a defendant is capable or incapable of making a knowing and intelligent waiver of his rights is to be answered by the trial judge and will be accepted by this court unless such determination is clearly erroneous. *Brown v. State,* 259 Ga. 453, 454 (383 SE2d 882). See *Carter v. State,* 257 Ga. 510, 513 (361 SE2d 175); *Durden v. State,* 250 Ga. 325, 327 (297 SE2d 237); *Thaxton v. State,* 184 Ga. App. 779, 781 (362 SE2d 510). "We have carefully reviewed the testimony presented at the *Jackson-Denno* hearing and hold the trial court's decision to admit the defendant's statement into evidence was not clearly erroneous. *Peebles v. State,* 260 Ga. 165, 166 (391 SE2d 639); *Maggard v. State,* 259 Ga. 291, 292 (380 SE2d 259)." *Raskin v. State,* 261 Ga. 848, 849 (412 SE2d 832). Further, the officer's testimony that he would inform the district attorney of Autry's cooperation is not sufficient to create a hope of benefit within the meaning of OCGA § 24-3-50. *Sims v. State,* 197 Ga. App. 214, 216 (398 SE2d 244).

3. Autry's contention that his statements were inadmissible because the police officer who testified about Autry's confessions did so from his memory and without his notes is also without merit. This goes to the weight to be given and not the admissibility of the confession. See *Cooper v. State,* 256 Ga. 234, 235 (347 SE2d 553); *Robinson v. State,* 194 Ga. App. 432, 433 (390 SE2d 652).

*Judgment affirmed. Pope, C. J., and Andrews, J., concur.*

DECIDED AUGUST 27, 1993.

*James P. Brown, Jr.,* for appellant.
*Tommy K. Floyd, District Attorney, Charles E. Rooks, Assistant District Attorney,* for appellee.