## S94A0408. MEJIA v. THE STATE.
(443 SE2d 486)

HUNSTEIN, Justice.

Cesar Douglas Mejia, a/k/a Margarito Cano, was found guilty of felony murder and aggravated assault of Samuel Guevara. He was sentenced to life imprisonment on the felony murder charge. The trial court denied his motion for new trial, and he appeals.[1]

1. The jury was authorized to find that appellant, while he and his co-indictee were visiting friends, stated that he was going to kill Guevara and that he had in his possession a .38 pistol and bullets, several of which he fired from the pistol into the ground at the residence. Shortly thereafter, while at the home of another friend, appellant and his co-indictee met Guevara and began arguing with him. Guevara's body was found the following day in a secluded area. Expert testimony was adduced that Guevara died from multiple gunshot wounds and that bullets recovered from his body were fired by the same gun appellant had used when he fired the shots into the ground. A shoe print that matched shoes worn by the co-indictee was found six feet from the victim's body.

This evidence was sufficient to enable a rational trier of fact to find appellant guilty of felony murder beyond a reasonable doubt. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. A trial court's findings as to factual determinations and credibility relating to the admissibility of a confession will be upheld on appeal unless they are found to be clearly erroneous. *Peebles v. State,* 260 Ga. 165 (4) (391 SE2d 639) (1990). While the evidence was in conflict, evidence as to appellant's command of the English language, presented in the testimony of the agent who conducted the first interview with appellant after his arrest and the testimony of the interpreter used during the third interview with appellant, supports the trial court's finding that on each of the three occasions that appellant was advised of his rights under *Miranda v. Arizona,* 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966), he understood those rights, voluntarily waived them, and gave his statements freely and voluntarily without any hope of benefit or fear of injury. We find no error in the trial court's denial of the appellant's motion to suppress his statements.

3. We have reviewed appellant's claims involving the denial of a change of venue, the refusal to strike a potential juror for cause, the

---

[1] The homicide occurred on October 26, 1991. Mejia was indicted on November 6, 1991 in Hall County. His first trial resulted in a hung jury and a mistrial was declared on December 2, 1992. After a second trial, he was found guilty on March 10, 1993 and was sentenced on the felony murder charge the same day. His motion for new trial, filed April 8, 1993 and amended on July 16, 1993, was denied on October 26, 1993. A notice of appeal was filed on November 24, 1993; the transcript was certified on December 2, 1993; and the appeal was docketed on December 17, 1993. Oral arguments were heard on March 21, 1994.

removal of a juror, the State's alleged violation of *Batson v. Kentucky*, 476 U. S. 79 (106 SC 1712, 90 LE2d 69) (1986), the failure to grant a motion to suppress on the bases that appellant's arrest was illegal and/or pretextual, and the exclusion of proffered evidence. We find these claims of error to be without merit.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 31, 1994.

*H. Bradford Morris, Jr.,* for appellant.

*Lydia Sartain, District Attorney, Lee Darragh, Assistant District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Marla-Deen Brooks, Assistant Attorney General,* for appellee.