S99A0579. JONES v. THE STATE.
S99A0581. FREEMAN v. THE STATE.
(520 SE2d 454)

Benham, Chief Justice.

These appeals are from the convictions of Lenorance Jones and Timothy Freeman for the felony murder of Nathaniel Hicks and for criminal attempt to commit armed robbery.[1] The evidence presented at trial authorized the jury to find the following sequence of events and facts. Jones and Freeman rode from Bainbridge to Cairo with Bell and some other friends in Bell's car. Intending to steal Hicks's car, Jones and Freeman got out of Bell's car. Freeman recovered a .50 caliber pistol from under the hood of the car and Jones carried ammunition for the gun. After driving away, Bell heard a series of gunshots, and again drove by the place where Freeman and Jones had exited. Freeman flagged down the car and he and Jones got in. They related to the others that someone had shot at them and that they thought Jones had shot someone. On the day after the killing, Bell found a pistol in his car and disposed of it. Hicks was found seated behind the wheel of his car, dead as a result of two .50 caliber gunshot wounds. Money and other items of value were found in

---

[1] The crimes were committed on April 25, 1997, and appellants were indicted on June 12, 1997 for felony murder (hijacking a motor vehicle), hijacking a motor vehicle, and criminal attempt to commit armed robbery. At a trial conducted September 23-25, 1997, appellants were convicted on all counts. The trial court sentenced them to life imprisonment for felony murder and ten years to serve concurrently for criminal attempt to commit armed robbery, holding that the separate offense of hijacking a motor vehicle merged into the felony murder conviction. Freeman's motion for new trial was filed on October 17, 1997, and Jones's on October 22, and they were denied in a single order entered on June 15, 1998. Jones filed a notice of appeal to this Court on July 8, 1998, Freeman on July 14, 1998, and the cases were transmitted to this Court and docketed on January 14, 1999. The appeals were submitted for decision on the briefs.

Hicks' car. Persons nearby reported hearing gunshots, some louder than the others, though there was disagreement concerning whether the louder shots were first or not. Although the murder weapon was not found, spent .50 caliber cartridges found at the scene were determined to have been fired by the same gun that had fired spent cartridges supplied by the owner of a .50 caliber pistol which had been stolen in Bainbridge. Other property stolen along with the pistol was found in Bell's possession.

1. The evidence adduced at trial and set out above was sufficient to authorize a rational trier of fact to find Jones and Freeman guilty beyond a reasonable doubt of the offenses of felony murder (hijacking a motor vehicle) and criminal attempt to commit armed robbery. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Hodnett v. State*, 269 Ga. 115 (1) (498 SE2d 737) (1998).

2. Jones and Freeman complain of the trial court's failure to instruct the jury on included offenses, but no requests were made for such charges. " 'A trial judge never errs in failing to instruct the jury on a lesser-included offense where there is no written request to so charge.' [Cit.]" *Gadson v. State*, 264 Ga. 280 (444 SE2d 305) (1994).

Jones and Freeman also complain of the trial court's failure to charge the jury on self-defense. "The trial court must charge the jury on the defendant's sole defense, even without a written request, if there is some evidence to support the charge. [Cits.]" *Tarvestad v. State*, 261 Ga. 605, 606 (409 SE2d 513) (1991). However, the only evidence which arguably raises self-defense was the testimony of Bell, called as a witness by the State, who testified that when Jones and Freeman returned to the car, Jones said that someone had shot at them, that he had returned the fire, and that he thought he had hit someone. While Bell's testimony presents a version of events in which Jones fired the weapon only in self-defense, that testimony was the self-serving statement of a defendant and was inadmissible hearsay. *McCartney v. State*, 262 Ga. 156 (4) (414 SE2d 227) (1992); *Beck v. State*, 254 Ga. 51 (11) (326 SE2d 465) (1985); *Dickey v. State*, 240 Ga. 634 (6) (242 SE2d 55) (1978). Since "hearsay evidence has no probative value even if it is admitted without objection" (*Germany v. State*, 235 Ga. 836 (2) (221 SE2d 817) (1976)), there was no evidence of self-defense such as would require a charge on that defense. Accordingly, we find no error in the trial court's failure to charge on self-defense.

3. During the State's case, Jones's attorney requested an ex parte meeting with the trial court during which the attorney said he thought there might have been a violation of the rule of sequestration. He related to the court that Bell, listed as a witness by the State, had phoned him at home the previous evening to complain that the State was threatening Bell with incarceration to force him to

testify falsely. The trial court brought in the prosecuting attorney and Bell and questioned Bell, who admitted the conversation had occurred. The trial court then ruled that a violation of the rule of sequestration had occurred and told the jury that it could consider the violation by the witness and by defense counsel in determining the credibility of Bell. Jones and Freeman enumerate as error that ruling and that instruction.

We agree that the trial court erred: "The rule does not prohibit discussions between an attorney to the case and a prospective witness, at least so long as the attorney talks to him separately from the other witnesses and does not inform him of previous testimony." *Ross v. State*, 254 Ga. 22 (326 SE2d 194) (1985). Since there is no indication that any other witness was involved in the conversation or that the attorney told Bell what any other witness said, it is clear that no violation of the rule occurred. The trial court erred in ruling that there was and in instructing the jury concerning the alleged violation of the statutory rule of sequestration.

After the close of the evidence, in the absence of the jury, the trial court found Bell to be in wilful contempt of its order not to discuss the case with anyone, and ordered Bell incarcerated for 20 days. It appears from the trial court's order denying the motions for new trial filed in these cases that the trial court considered the witness's "misconduct" to stem not merely from the purported violation of the rule of sequestration, but from a violation of an order by the trial court not to speak to anyone about the case, which the trial court considered to be a proper order. We are aware of no authority pursuant to which a trial court can order a witness for the State not to speak to defense counsel. In fact, it is clear that the defense cannot be denied access to a material witness. *Howard v. State*, 262 Ga. 784 (3) (426 SE2d 365) (1993). That, however, is exactly the effect the trial court meant its order to have. To that extent, the trial exceeded its authority and erred.

Although the trial court erred in its ruling relating to the rule of sequestration, we do not find the error to be harmful: Bell was a witness for the State, so any harm to his credibility would benefit the defense; and the evidence, though circumstantial, was substantial and pointed only toward the guilt of these appellants. Accordingly, the errors regarding the rule of sequestration do not require reversal.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 13, 1999 —
RECONSIDERATION DENIED OCTOBER 15, 1999.

*Gilbert J. Murrah,* for appellant (case no. S99A0579).
*Brimberry, Kaplan & Brimberry, Jerry W. Brimberry,* for appel-

lant (case no. S99A0581).

*J. Brown Moseley, District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Jeanne K. Strickland, Assistant Attorney General,* for appellee.