## A02A0632. POE v. THE STATE.
(563 SE2d 904)

JOHNSON, Presiding Judge.

Carolyn Poe was convicted of obstructing a law enforcement officer. She appeals, challenging the trial court's refusal to charge the jury on criminal trespass or on the meaning of the obstruction statute's phrase "lawful discharge of official duties." The challenges are without merit, and we therefore affirm the conviction.

Poe and her daughter, Saunderdeanor Houghes, live about 100 yards apart on the same property in Augusta. A fire broke out in the subdivision behind their homes. Police investigating the fire executed search warrants at both Poe's home and her daughter's mobile home. Poe and Houghes called the police to complain about the searches and to ask that officers come to their homes to speak to them.

---

[3] Id.
[4] *Swantner v. State*, 244 Ga. App. 372, 374 (2) (535 SE2d 343) (2000).
[5] See id.

Officers went to Houghes' mobile home. Houghes called Poe, who then came to the mobile home. Poe and her daughter cursed at and argued with the officers, and they pushed one of the officers. The officers tried to arrest Houghes, but she resisted. As the officers attempted to place handcuffs on Houghes, Poe tried to push the officers off of her daughter. Both Poe and Houghes were eventually subdued and arrested.

Poe was charged with simple battery and obstructing a law enforcement officer. She was tried before a jury, which found her guilty of obstruction, but not guilty of battery. She was sentenced to 12 months of probation. She appeals from the conviction.

1. Poe argues that when the officers arrested her, they were not in the lawful discharge of their duties, but were trespassing because Houghes had told them to leave the mobile home.[1] And because this was her sole defense, Poe contends the court erred in refusing to charge the jury on criminal trespass.

Contrary to Poe's argument, there is no competent evidence that Houghes told the officers to leave the premises. One of the officers testified that Houghes never told them to leave. Houghes did not testify. Only Poe gave self-serving hearsay testimony that at some point she heard Houghes tell the officers to get out of the mobile home.[2] Hearsay has no probative value, even if admitted without objection.[3]

Moreover, even if we were to consider Poe's hearsay testimony, it provides no evidence that the officers trespassed. The uncontradicted evidence, including Poe's own testimony, shows that the officers came to the mobile home solely at the request of Houghes, that shortly after they arrived Houghes became abusive toward them, that the officers decided to arrest Houghes, that Houghes called Poe, that Poe came to the scene, that Poe cursed at and pushed the officers, that the officers told the women that they were going to arrest them, and that any indication by Houghes that she wanted the officers to leave came only after the officers had said they were going to arrest the women. At that point, Poe and Houghes could not avoid arrest simply by asking the officers to leave; rather, the officers had no obligation to leave and were authorized to arrest the women for obstruction.[4]

The trial judge must charge the jury on the defendant's sole defense if there is some evidence to support the charge.[5] Because there is no evidence that the officers criminally trespassed, the trial judge correctly refused to give such a charge.

---

[1] See OCGA § 16-7-21 (b) (3) (person commits criminal trespass when he remains on another person's premises after receiving notice to depart).

[2] See OCGA § 24-3-1.

[3] *Jones v. State*, 271 Ga. 516, 517 (2) (520 SE2d 454) (1999).

[4] See *Hardwick v. State*, 210 Ga. App. 468, 469 (1) (436 SE2d 676) (1993).

[5] *Jones*, supra.

2. Poe contends the court should have defined for the jury the phrase "lawful discharge of official duties" as it is used in the statute defining the offense of obstructing an officer.[6] Although there was a brief discussion about defining the phrase at the charge conference, Poe has not cited a written request for such a charge in the record, and we have not found such a written request after reviewing the entire record. Poe also has not shown any specific definition of the phrase that she wanted the trial court to give to the jury. Absent a specific request, the court's failure to define terms used in the charge is not a ground for reversal.[7] And the phrase "lawful discharge of official duties" is not so obscure as to require definition absent a specific request.[8]

Moreover, after the judge charged the jury, he asked Poe if she had any objections to the charge. Poe responded that she had no objections other than an objection to the lack of a criminal trespass charge. She did not object to the court's failure to define "lawful discharge of official duties." Because the lone objection Poe asserted at trial is not the one she now asserts, this enumeration of error presents nothing for review.[9]

Having reviewed the charge in its entirety, we find that the court fully and accurately charged the jury on the statutory definition of the crime charged and did not err in refusing to attempt to further define the offense beyond the statutory definition.

*Judgment affirmed. Blackburn, C. J., and Miller, J., concur.*

DECIDED APRIL 8, 2002.

*Elliott B. Watkins*, for appellant.
*Sheryl B. Jolly, Solicitor-General, Harold V. Jones II, Assistant Solicitor-General*, for appellee.

---

[6] OCGA § 16-10-24 (a) provides that "a person who knowingly and willfully obstructs or hinders any law enforcement officer in the lawful discharge of his official duties is guilty of a misdemeanor."
[7] *Black v. State*, 167 Ga. App. 204, 207 (6) (305 SE2d 837) (1983).
[8] *Clark v. State*, 185 Ga. App. 513, 514 (2) (364 SE2d 641) (1988).
[9] *Martin v. State*, 190 Ga. App. 486, 488 (3) (379 SE2d 170) (1989).