## S91A1182. SANFORD v. THE STATE.
(408 SE2d 110)

Smith, Presiding Justice.

The appellant, Howard Sanford, Jr., was convicted of the felony murder of his wife, Sally Sanford. We affirm.[1]

The appellant had been drinking at the time he shot and killed his wife. Mr. Sanford's nephew testified that Mr. Sanford came to his residence during early morning hours, awakened him, and told him that he had shot his wife and that he thought he had killed her. The nephew accompanied Mr. Sanford to his house trailer where they found Mrs. Sanford lying on the kitchen floor. Blood was coming from her head, and her breathing was labored.

The nephew's wife testified that she had heard an argument between the Sanfords about a month before the shooting; that Mr. Sanford appeared drunk and told his wife "that he would come in one night and blow her brains out." Testimony showed that Mr. Sanford would spend all of the extra money the couple received on alcohol.

Mr. Sanford's defense was that the firearm went off accidentally when the victim reached for it on top of the refrigerator. Later he stated that he had scuffled with his wife, and probably had pushed her down, and had shot her. At trial, he testified that he was showing his wife the firearm when it went off.

Medical testimony indicated that the victim died of a gunshot wound to the head. Expert testimony showed that the wound was consistent with having been caused by the handgun recovered from the premises.

1. The evidence presented at trial was sufficient for a rational trier of fact to find the defendant guilty of felony murder. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant Sanford sets forth three (3) enumerations of error.

(a) The trial court did not err in instructing the jury as to aggravated assault as the underlying offense for felony murder.

(b) The trial court's finding in the *Jackson-Denno* hearing was not clearly erroneous, and we find no error in refusing to suppress his statement.

(c) The court overruled the appellant's objection regarding the district attorney's closing argument and the appellant did not move for curative instructions or for a mistrial; therefore, we find no error.

*Judgment affirmed. All the Justices concur.*

---

[1] The crime was committed on July 22, 1990. The Gordon County jury returned its verdict of guilty on January 16, 1991. No motion for new trial was filed. The notice of appeal was filed on February 15, 1991. The transcript of evidence was filed on May 14, 1991. The record was docketed in this Court on June 4, 1991. The case was submitted by brief on July 19, 1991.

Decided September 19, 1991.

*Chance, Maddox & Smith, Wade H. Everett,* for appellant.
*Darrell E. Wilson, District Attorney, Michael J. Bowers, Attorney General, C. A. Benjamin Woolf,* for appellee.