### A91A1208. WELDON v. THE STATE.
(413 SE2d 466)

COOPER, Judge.

Appellant was convicted by a jury of a violation of the Georgia Controlled Substances Act and appeals from the denial of his motion for new trial.

1. Appellant first enumerates that the trial court erred in denying his motion for directed verdict because the evidence was insufficient to support a verdict of guilt. Viewing the evidence in a light favorable to the verdict, it showed that sheriff's officers executed a search warrant at appellant's place of business, a garage, with the intention to look for drugs. One of the officers searched a car parked in a driveway to the garage and found a metal box between the grill and the radiator of the car. After a bit of a struggle to remove the box from the car, the officer determined it was locked. Unable to. locate the key to the box, the officer broke the lock and discovered inside 8.9 ounces of marijuana in a plastic bag and some receipts from Strickland Building Supply. Appellant's ex-wife testified that she owned the property on which the garage was located but that she had an agreement with appellant that he could lease the garage. She stated that appellant had given her the car in which the marijuana was found in settlement of a child support claim but that she had not driven the car. She admitted that she had given a statement to an officer prior to trial, and the evidence revealed that she told the officer that both she and appellant had keys to the car and that appellant had driven the car a few times. At trial, however, the ex-wife testified that she assumed appellant had a key to the car and had driven the vehicle, although she was not certain. A second officer searched the garage and discovered a plastic bag inside the insulation of the garage door which contained what he believed to be marijuana residue, yet in a quantity too small to be tested. The officer testified that the plastic bags found in the door and in the car were very similar. A copy of a drug conviction against appellant in Kansas was stipulated to by appellant and admitted into evidence without objection. A copy of the Kansas conviction does not appear in the official record before us, but the prosecution served appellant with notice of intent to present similar transaction evidence showing that appellant possessed marijuana with intent to sell in Kansas. Appellant called several witnesses for the defense but did not take the stand himself. One of the defense witnesses testified that he bought the materials identified in the receipts from Strickland Building Supply found in the metal box. The witness stated that appellant reimbursed him for the materials and he gave appellant the receipts from Strickland Building Supply. Other witnesses testified that many people went in and out of the garage and that prior to the search, appellant was living in Alabama. Evidence of appellant's statement that he denied knowledge of the marijuana was admitted at trial.

"A defendant is entitled to a directed verdict '(w)here there is no conflict in the evidence and the evidence introduced with all reasonable deductions and inferences therefrom shall demand a verdict of acquittal. . . .' [Cit.]" *Scavonne v. State*, 193 Ga. App. 603, 604 (1) (388 SE2d 735) (1989). After a review of the record and the evidence

adduced at trial, we conclude that the evidence authorized the jury to conclude beyond a reasonable doubt that appellant was guilty of possession of marijuana and find no error in the court's denial of appellant's motion for a directed verdict. See *Scavonne*, supra at 604.

2. Appellant also contends that his counsel at trial was ineffective because he did not object to the introduction of the Kansas conviction and because he did not call appellant to testify on his behalf. Trial counsel submitted an affidavit stating that he did not call appellant as a witness because of the weak nature of the State's evidence. Counsel was concerned that appellant's testimony would hurt his case and felt that the defense would not benefit from appellant's testimony. The Kansas conviction was admissible as similar transaction evidence and failure to make a technical objection thereto does not render counsel ineffective. " ' "To prove he has received ineffective assistance of counsel, '(t)he defendant must show both that counsel's performance was deficient and that this deficiency prejudiced the defense.' (Cits.) . . . As to deficient performance, errors in judgment and tactical errors do not constitute denial of effective assistance of counsel. (Cit.)" (Cit.)' [Cit.]" *Powell v. State*, 198 Ga. App. 509 (1), 510 (402 SE2d 108) (1991). Appellant's trial counsel filed pre-trial motions, cross-examined witnesses, made objections at trial, moved for directed verdict, called witnesses for the defense and filed a motion for new trial. Appellant's counsel's performance was within the range of "reasonably effective assistance," see *Powell*, supra at 510, and appellant's second enumeration has no merit.

*Judgment affirmed. Birdsong, P. J., and Pope, J., concur.*

DECIDED OCTOBER 29, 1991 —

RECONSIDERATION DENIED DECEMBER 3, 1991 — 

*Charles G. Wright, Jr.*, for appellant.

*Ralph L. Van Pelt, Jr.*, District Attorney, *Ronald M. Adams*, Assistant District Attorney, for appellee.