### A92A0084. BARRS v. THE STATE.
(414 SE2d 733)

McMURRAY, Presiding Judge.

Defendant Barrs appeals his conviction of the offense of burglary. *Held*:

1. Defendant enumerates as error the denial of his motion for mistrial on the grounds that his character was improperly brought into evidence by the testimony of police officer Willis that when he saw defendant on a specified date, he had other business with defendant and was already looking for him. " '[T]he State cannot rebut or question the presumption of a defendant's good character unless the defendant first *chooses* to place his character in issue. . . .' [Cit.]" *Warren v. State*, 197 Ga. App. 23, 24 (2), 25-26 (397 SE2d 484). In the case sub judice, there is no question as to whether defendant placed his character in issue and we are solely concerned with whether the testimony elicited violated this restriction on the State's actions. Whether statements that impermissibly place defendant's character in issue are so prejudicial as to warrant a mistrial is generally for the discretion of the trial court which will not be disturbed in the absence of abuse of that discretion. *Freese v. State*, 196 Ga. App. 761, 762 (1), 763 (396 SE2d 922).

The testimony at issue in the case sub judice, that a police officer had other business with defendant and was looking for him, does not necessarily suggest criminal conduct on the part of defendant. While the trial court recognized that the State was treading close to bringing into evidence the subject of defendant's character and admonished the prosecutor to avoid such matter, the trial court did not abuse its discretion in denying defendant's motion for mistrial. Under these circumstances the trial court's instructions to the jury to disregard the testimony at issue was sufficient to prevent prejudice to defendant. *Freese v. State*, 196 Ga. App. 761, 762 (1), 763, supra.

2. The second enumeration of error complains of an evidentiary matter to which no timely objection was made at trial. As an appellate court, we may not consider objections to evidence not raised at trial. *Riley v. State*, 196 Ga. App. 148, 149 (1) (395 SE2d 394).

3. Defendant's final enumeration of error contends the trial court abused its discretion in admitting into evidence his statement to police when the statement was not voluntary. During the *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) hearing, the State presented evidence that defendant was read his rights under *Miranda*

*v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) at least twice before spontaneously giving a statement, expressly waiving those rights, did not appear to be under the influence of drugs or alcohol, and was not coerced in any way.

Defendant's argument is predicated entirely upon the absence of any written waiver of the *Miranda* rights or written copy of defendant's statement signed by defendant. However, the absence of these items does not alone preclude admission of the evidence concerning defendant's statement. While a police officer testified that defendant had signed a waiver of *Miranda* rights form, even if defendant had refused to sign the form such conduct would not have amounted to an invocation of the right to remain silent or the right to counsel. "Once *Miranda* warnings are given and a person in custody gives a statement to police without invoking his right to remain silent and without requesting an attorney, he has in effect waived his rights." *Aldridge v. State*, 258 Ga. 75, 76 (3) (365 SE2d 111). There was ample evidence authorizing the trial court to conclude that defendant's statement had been freely and voluntarily made. The trial court's findings as to factual determinations and credibility relating to the admission of in-custody statements will be upheld where, as in the case sub judice, they are not clearly erroneous. *House v. State*, 197 Ga. App. 644, 646 (2) (399 SE2d 262); *Gadson v. State*, 197 Ga. App. 315 (1), 316 (398 SE2d 409). Furthermore, the fact that defendant's statement was not reduced to writing does not render it inadmissible. *Hayes v. State*, 152 Ga. App. 858, 859 (3) (264 SE2d 307).

*Judgment affirmed. Sognier, C. J., and Cooper, J., concur.*

DECIDED JANUARY 16, 1992.

*Starling & Starling, Donald A. Starling*, for appellant.
*Harry D. Dixon, Jr., District Attorney, John A. Rumker, Assistant District Attorney*, for appellee.