A91A2180. HARRIS v. THE STATE.
(414 SE2d 919)

BIRDSONG, Presiding Judge.
Willie Gary Harris appeals his judgment of conviction, sentence, and denial of his motion for new trial. *Held*:

1. The enumeration that the trial court erred in denying appellant's motion for continuance is without merit. Although the enumeration of error specifically limited its claim of abuse of discretion to the fact that the motion for continuance was denied after a lapse of only ten days from counsel appointment to trial for a serious felony charge, appellant made several assertions in his brief in support of this enumeration including, inter alia, an insufficient case preparation time (ten days from date of appointment to trial, although it is noted that appellant was represented throughout the critical proceedings of this trial by not less than two counsel), a general assertion of bad weather conditions alleged to have hampered the arrival of unspecified witnesses whose expected testimony was not summarized for the record, appellant's medical condition (the record reflects that although appellant did not testify in his behalf he consulted with his counsel during trial and never requested a recess based on medical discomfort) difficulty in locating witnesses on the State's witness list, and the omission of Officer Yarborough from the witness list. "The grant or denial of a motion for a continuance is left to the sound discretion of the trial court and it is not to be disturbed unless it clearly appears that there is an abuse of discretion." *Peebles v. State*, 260 Ga. 165, 166 (1) (391 SE2d 639). Under the attendant circumstances, appellant has failed to establish that the trial court abused its discretion. *Fowler v. State*, 195 Ga. App. 874 (2) (395 SE2d 33); *Hill v. State*, 161 Ga. App. 346 (1) (287 SE2d 779) (counsel appointed ten days before trial).

2. Appellant asserts the trial court erred in denying his motion to suppress the defendant's identification from the line-up, as the eyewitness testimony was impermissibly tainted by suggestive and improper police conduct. We disagree. See generally *Martin v. State*, 193 Ga. App. 581 (1) (388 SE2d 420), citing *Neil v. Biggers*, 409 U. S.

188 (93 SC 375, 34 LE2d 401); *McCoy v. State,* 190 Ga. App. 258 (3) (378 SE2d 888). The record shows the victim had a substantial period of time in which to view the perpetrator, during which time the victim was lead around the house at gunpoint and verbally threatened. The offense was committed in the daytime and the victim's observation of the perpetrator was not shown to have been hampered either by inclement weather conditions, lighting, or by any disguise worn by the assailant. The victim's attentiveness during the incident can be inferred from her clear recollection of the sequence of events that occurred, her notice of the perpetrator's parked car, her observation of the state of the perpetrator's hair at the time of the incident, and her attention to the perpetrator's facial features and weight. The victim's level of certainty of·identification at trial was that of absolute certainty notwithstanding vigorous cross-examination regarding the accuracy of her identification. The length of time between the crime and the identification was not inordinately great. Thus, we find that there exists no substantial likelihood of irreparable pretrial misidentification of appellant or other prejudicial taint of the identification process. Moreover, assuming arguendo a taint in the pretrial identification process had occurred, the witness' in-court identification may still be admitted if it has an "independent origin" from the illegal identification procedures involved. *McCoy,* supra at 261. Considering the totality of the circumstances, we find the eyewitness' identification had such an independent origin.

3. Appellant asserts that the trial court erred by repeatedly asking prosecutorial questions during the trial of the case and by intimating through his actions his opinion as to the guilt of the appellant. See generally OCGA § 17-8-57.

(a) " ' "The trial judge has the right to propound a question or a series of questions to any witness for the purpose of developing fully the truth of the case; and the extent to which the examination conducted by the court shall go is a matter within [its] discretion. And a lengthy examination by the court of a witness called by either party will not be cause for a new trial, even though some of the questions propounded by the court were leading in character, unless the court, during the examination of the witness by himself, expresses or intimates an opinion of the facts of the case, or as to what has or has not been proved, or the examination takes such course as to become argumentative in character." ' " *Thomas v. State,* 240 Ga. 393, 400 (3) (242 SE2d 1). Examination of the record in toto reveals a possible impatience with appellant's counsel; but we conclude that none of the remarks of which appellant complains on appeal is so egregious as to constitute a violation of OCGA § 17-8-57 or amount to circumstances wherein the trial court departed from its judicial role and assumed the mantel of a prosecutor. Additionally, we observe that the bulk of

the now-challenged questions and remarks did not generate any objection by appellant's counsel and, except as to a matter hereinafter discussed, no motion for mistrial was made following the trial court's ruling on those particular objections which were timely posed. When an appellant could have tendered a timely motion for mistrial or requested a cautionary instruction but declined to do so, we generally will not grant more appellate relief than that actually prayed for at trial. See *Sanford v. State*, 261 Ga. 556 (2c) (408 SE2d 110); *Cooper v. State*, 260 Ga. 549, 550, n. 2 (397 SE2d 705).

Finally, in the absence of clear evidence to the contrary, qualified jurors, under oath, are presumed to follow the instructions and procedural directives of the trial court. *Dykes v. State*, 191 Ga. App. 879, 880 (2) (383 SE2d 210). In this regard, the trial court in its final charge to the jury included therein a curative instruction that "by no ruling or comment which the court has made during the progress of the trial has the court intended to express any opinion upon the facts of this case, upon the credibility of the witnesses, upon the evidence or upon the guilt or innocence of the defendant." Nothing contained on the face of this record is so compellingly erroneous as to preclude the jury from following this curative instruction, and we note that appellant entered no exception to the curative instruction at the conclusion of the court's charge.

(b) During trial, the trial court questioned appellant's counsel regarding the signature on a certain document and made inquiry implying that the document may have been signed by counsel's brother; the trial court stopped just short of compelling appellant's attorney to become a witness at trial. Counsel entered a timely objection to this procedure. The objection was tacitly sustained, as the trial court immediately instructed the jury to forget the court's remarks and not to consider them in any way in reaching a verdict. Appellant's counsel immediately entered a motion for mistrial on the basis that the curative instruction was inadequate to remove the taint. The trial court tacitly denied the motion for mistrial by giving a second curative instruction which, in addition to instructing the jury to forget the remark and not consider it in their verdict deliberation, informed them that the remark "was improper." Thereafter, appellant did not renew his mistrial motion or his objection. By having failed to renew timely the mistrial motion after the second curative instruction, appellant has failed to preserve these issues for appellate review. *Schirato v. State*, 260 Ga. 170, 172 (5) (391 SE2d 116); *Pless v. State*, 260 Ga. 96, 98 (2) (390 SE2d 40).

4. Appellant asserts the trial court erred in ruling that appellant's request to charge was not timely submitted to the court.

(a) We note that the trial court failed to comply with the requirements in OCGA § 5-5-24 (b) that counsel be informed before closing

argument of the trial court's proposed action on requests for jury instructions. See generally *Bentley v. State*, 261 Ga. 229, 230 (3) (404 SE2d 101). However, as appellant has failed to raise this matter in an enumeration of error, the issue has not been preserved for appellate review. *Chezem v. State*, 199 Ga. App. 869, 870 (2) (406 SE2d 522).

(b) The offense of burglary by intimidation was not reasonably raised by the evidence within the meaning of *Alvarado v. State*, 194 Ga. App. 781 (391 SE2d 668), aff'd *State v. Alvarado*, 260 Ga. 563 (397 SE2d 550).

(c) The request for charges at issue was not presented in writing until after closing argument. Accordingly, the request was not timely. See OCGA §§ 17-8-56 (a); 5-5-24 (b); *Peebles v. State*, supra at 167. An assertion before closing argument that a request for charges may be tendered subsequently is not sufficient. Further, defendant's request to charge number 3 appears to be merely a reproduction from a book on pattern jury instructions. The last sentence on the page of defendant's request to charge number 3 pertains to a definition of "force" and is incomplete on its face. Further, the charge request contains a note to "charge only appropriate language." And the request to charge does not identify which language therein contained is or is not appropriate. In sum, defendant's request to charge number 3 is both incomplete and not adequately tailored to the case at bar. If any portion of a requested charge is inapt, incorrect, misleading, confusing, not adequately adjusted or tailored, or not reasonably raised or authorized by the evidence, denial of the charge request is proper. *Hill v. State*, 259 Ga. 557 (3b) (385 SE2d 404); *Jones v. State*, 200 Ga. App. 519, 521 (2c) (408 SE2d 823).

5. Appellant's assertion that the verdict form submitted to the jury was improper, as it was error to give the jury a verdict form on which both the words "guilty" and "not guilty" were preprinted, is without merit. The verdict form pertinently provided: "VERDICT We, the Jury, find the Defendant (GUILTY OF ARMED ROBBERY) (NOT GUILTY)." The form on its face is not misleading, inaccurate, or suggestive of a verdict. Compare *Chapman v. State*, 258 Ga. 214, 217 (4) (367 SE2d 541). *Perkins v. State*, 151 Ga. App. 199 (3), (6) (259 SE2d 193), overruled in part, *Chance v. State*, 154 Ga. App. 543, 544 (2) (268 SE2d 737), is distinguishable and not suasive.

6. Appellant's assertion that the trial court erred by allowing trial to proceed without the defendant being arraigned is without merit. The trial judge stated more than once on the record that arraignment had been conducted and defendant had entered a plea of not guilty. Appellant argues, however, that arraignment and plea entry did not occur, as no notation to that effect appears on the indictment. We will not presume error from a silent record. Defendant has the burden of showing error affirmatively by the record and this burden is not dis-

charged by recitations in the brief. *Williams v. State*, 188 Ga. App. 496 (3) (373 SE2d 281).

7. Appellant asserts the trial court erred in failing to recuse himself on the grounds that the court had prosecuted appellant on at least two other occasions when the trial judge was the district attorney.

During the motion for new trial hearing, the trial court stated for the record that "I didn't know Willie Gary Harris when I tried it. I had no recollection of him. So many people coming by I didn't remember him. His name meant absolutely nothing to me," and when questioned as to this statement, the court gave its "word" as to the matter. Immediately thereafter appellant's counsel stated: "And I would accept the court's explanation of that. We just feel that we'd like to make it a part of the record. . . ." However, appellant's counsel filed no motion for recusal at this time or at any time thereafter with the trial court, and did not request that the record remain open for such purpose. At the onset, we would have difficulty requiring the trial court to disclose sua sponte that which it does not know or once knew and now cannot remember. Moreover, it is to protect appellant against late disclosures that the Superior Court Rules were designed to allow filing of recusal motions five days after discovery of the information relevant thereto.

The record in this case is somewhat hazy as to when appellant first became actually aware that the trial judge had served as the district attorney who had previously prosecuted appellant for certain felony offenses, including inter alia, burglary. However, appellant made an admission in judicio during the hearing on the new trial motion that by at least January 14, 1991, the day of trial, it did have in its possession the documents found in defense Exhibit Number 1, particularly including prior convictions and disposition sheets thereof. Among these documents clearly appears the fact that the trial judge had prosecuted appellant when the trial judge was serving as district attorney. Nevertheless, appellant neither moved for recusal of the trial court after receipt of this information nor argued for recusal in support of its motion for new trial, which had been filed only on the general grounds. Uniform Superior Court Rule 25.1 requires that in the absence of good cause shown motions for recusal must be filed within five days of the movant's first learning of the purported grounds for disqualification, or at least ten days prior to trial. *Smith v. State*, 192 Ga. App. 18, 19 (1) (383 SE2d 600). A motion for recusal must be not only legally sufficient but timely. *Romine v. State*, 251 Ga. 208, 210 (2) (305 SE2d 93). Consistent with the presumption that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment (*White v. State*, 197 Ga. App. 162, 163 (398 SE2d

35), citing *Strickland v. Washington*, 466 U. S. 668, 690 (104 SC 2052, 80 LE2d 674)), is the rebuttable presumption that counsel has read all documents obtained during the discovery process within a reasonable time after receipt thereof, and in the absence of an express showing on the record to the contrary that such was accomplished before the conclusion of trial. In this regard, we note that an inadequate time in which to read discovered documents was not asserted as a specific ground in support of the motion for continuance. Appellant had timely access to information establishing the trial court's previous prosecution (while serving as district attorney) of appellant. Nevertheless counsel failed to file a recusal motion and did demand recusal during the hearing on his motion for new trial of June 27, 1991 (over five months from the date he concedes he had possession of the documents in defense Exhibit Number 1). Under the attendant circumstances, we find appellant has failed to raise the issue of trial court recusal at the earliest moment within the meaning of *Pope v. State*, 257 Ga. 32, 35 (2b) (354 SE2d 429). Appellant has not preserved this issue, as crafted by his enumeration of error, for appellate review.

*Judgment affirmed. Pope and Cooper, JJ., concur.*

DECIDED JANUARY 29, 1992.

*Kendall, Dixon & Turk, Alvin L. Kendall, Graylin C. Ward*, for appellant.

*William G. Hamrick, Jr., District Attorney, David P. Oliver, Assistant District Attorney*, for appellee.