A93A1459. RACHELL v. THE STATE.
(435 SE2d 480)

BIRDSONG, Presiding Judge.

Pursuant to a grant of partial habeas corpus relief, Alfred Rachell was granted authorization to file an out-of-time appeal of his conviction of three counts of armed robbery, two counts of rape, and one count of burglary. He enumerates three errors. This court considered the appeal of appellant's co-accomplices and affirmed their judgments of conviction. *Hambrick v. State*, 175 Ga. App. 207 (332 SE2d 907). *Held*:

1. Judicial notice is taken of the records in appellate Case Nos. 70048 and 70123 and the transcript pertaining thereto, all of which relate to Indictment No. 83-CR-2769 and are currently on file with this court. *Rogers v. State*, 195 Ga. App. 446, 447 (1) (394 SE2d 116).

2. Appellant asserts there is insufficient evidence to authorize the trial court to find the State proved by a preponderance of the evidence the voluntariness of appellant's confession and the existence of a timely *Miranda* rights warning and waiver.

(a) On appeal the evidence must be viewed in the light most favorable to support the verdict, and appellant no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. *Grant v. State*, 195 Ga. App. 463 (1) (393 SE2d 737). In resolving appellate issues as to confession voluntariness and whether appellant was adequately advised of and waived his *Miranda* rights, an appellate court may consider all evidence of record, not merely that introduced at the *Jackson-Denno* hearing. See *Robinson v. State*, 194 Ga. App. 432, 433 (2) (390 SE2d 652).

(b) Following a *Jackson-Denno* hearing, the trial court admitted appellant's two pretrial statements regarding the Rowe incident and the Rigdon incident, respectively. Inherent in its ruling was a finding that the statements were made freely and voluntarily. The evidence was in conflict as to whether appellant made the statements because of coercion, threats or improper inducements or promises, and

whether he had freely and voluntarily waived his *Miranda* rights. " 'Factual and credibility determinations[, whether express or implied,] as to voluntariness of a confession, including factual and credibility determinations as to issues of rights waiver, are normally made by the trial judge and must be accepted by appellate courts unless such determinations are clearly erroneous.' " *Mathis v. State*, 192 Ga. App. 772, 773 (2) (386 SE2d 532); see generally *Peebles v. State*, 260 Ga. 430 (396 SE2d 229). The trial court's ruling admitting the statements and finding that the threshold requirement for establishing voluntariness had been met was supported by evidence of record and was not clearly erroneous in any event. Also, "[o]nce *Miranda* warnings are given and a person in custody gives a statement to police without invoking his right to remain silent and without requesting an attorney, he has in effect waived his rights." *Aldridge v. State*, 258 Ga. 75, 76 (3) (365 SE2d 111); *Barrs v. State*, 202 Ga. App. 520, 521 (414 SE2d 733).

Additionally, the record establishes that just before each of the two statements was obtained, appellant signed two separate *Miranda* rights waiver forms (SE Nos. 17-18). In addition to the waiver of rights provisions, each form contained a statement of *Miranda* rights. Appellant not only was allowed to read and sign these forms but was read each form by the investigator. We find that any statements by appellant after these waiver documents were read to and executed by him, were knowingly and voluntarily given, as were the waivers of *Miranda* rights which preceded such statements. Compare *Reinhardt v. State*, 263 Ga. 113, 115 (4) (428 SE2d 333), citing *Oregon v. Elstad*, 470 U. S. 298, 309 (105 SC 1285, 84 LE2d 222).

3. Appellant's claim of inadequacy of trial counsel is without merit.

(a) The applicable appellate standard is the two-prong test of *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674). *Williams v. State*, 207 Ga. App. 418, 419 (427 SE2d 787). At the inadequacy of counsel hearing conducted approximately nine years after trial, appellant was unable to specify any particular performance of his trial counsel which fell below an objective standard of reasonableness, although he cited several general areas of perceived dissatisfaction (including the fact he was convicted and believed his counsel could have performed better).

Appellant admitted that in 1983, he does not think he would have been willing to enter into plea negotiations, as he wanted to go to trial because he was innocent.

In support of his claim of inadequate counsel, appellant asserts that his "failure to testify . . . converted trial by jury into an extended guilty plea," but concedes that "the trial record provides no clue as to the reason for [his] failure to testify." Thereafter, appellant

decried his trial counsel's lapse of memory at the hearing, particularly counsel's failure to recall precisely (and bare speculation as to) why his client did not testify in his own behalf at trial. At no time during the hearing did appellant expressly claim that he desired to testify in his own behalf and that he was precluded from doing so by the acts or omissions of his trial counsel. We find the existence of no evidence which supports appellant's tacit appellate argument that trial counsel, rather than appellant, made the determination that appellant would not testify in his own behalf at his trial.

A strong presumption exists that trial counsel's performance, in any given case, falls within the wide range of reasonable professional assistance, and that any challenged action by trial counsel might be considered strong trial strategy. *Ferrell v. State*, 261 Ga. 115, 119-120 (3) (401 SE2d 741), citing *Strickland*, supra at 689. "The burden was on appellant to establish he received ineffective assistance of trial counsel." *Van Alstine v. State*, 263 Ga. 1, 4 (426 SE2d 360). Appellant has failed to carry his burden and has failed to overcome the broad presumption of effective assistance of counsel.

(b) Appellant's contention that because he was "deprived of the assistance of jailhouse counsel," he "was quite unable to articulate the reasons for his dissatisfaction with his trial [counsel's] representation" is without merit. An appellant is not entitled to representation by third-party, non-lawyer counsel. Compare *Cruickshank v. State*, 258 Ga. 544 (1) (372 SE2d 223); *Lebrun v. State*, 255 Ga. 406 (339 SE2d 227).

(c) All other claims in support of this enumeration have been abandoned. Court of Appeals Rule 15 (c) (2).

*Judgment affirmed. Pope, C. J., and Andrews, J., concur.*

DECIDED AUGUST 23, 1993.

*John H. Tarpley, Lawrence L. Schneider*, for appellant.
*J. Tom Morgan, District Attorney, Barbara B. Conroy, Assistant District Attorney*, for appellee.

