## A95A2597. WILLIAMS v. THE STATE.
(464 SE2d 404)

BIRDSONG, Presiding Judge.

Michael Williams a/k/a Michael Hartsfield appeals his conviction of armed robbery, aggravated assault, kidnapping, and possession of a firearm by a felon. He enumerates as error that his conviction was contrary to law and inadequacy of counsel in violation of his rights under the Sixth Amendment. *Held*:

1. Appellant asserts his conviction was contrary to law because the evidence, particularly his alibi evidence, shows he is innocent of the charges of which he was convicted. Thus, in essence, appellant is claiming insufficiency of the evidence. Appellant, in addition to asserting the strength of his own alibi defense, attacks the adequacy of the in-court identification of appellant by the victims of the crimes averred. However, appellant concedes that, with the exception of Ms. Russell, the victims identified appellant from their recollection of the criminal incident; further, appellant's trial counsel posed no objection to the identification testimony of the State's witnesses. " 'All evidence is admitted as a matter of course unless a valid ground of objection is (timely) interposed.' [Cit.]" *Scott v. State*, 206 Ga. App. 23, 26 (1) (c) (424 SE2d 328). Moreover, a fingerprint expert testified that he was 100 percent certain that specific fingerprints found at the

crime scene were the left thumb print of appellant.

The claims asserted in appellant's brief in support of this enumeration are the sole claims preserved for appellate review as to this matter. "Any issue reasonably contained within an enumeration of error as to which there has not been any argument or citation of authority made in appellant's brief is deemed abandoned on appeal." *Moore v. Winn-Dixie Stores,* 214 Ga. App. 157, 158 (1) (447 SE2d 122) and cases cited therein.

On appeal, the evidence must be viewed in the light most favorable to support the verdict, and appellant no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. *Grant v. State,* 195 Ga. App. 463 (1) (393 SE2d 737). Review of the transcript reveals ample evidence from which any rational trier of fact could have found beyond a reasonable doubt that appellant was guilty of the offenses of which he was found guilty. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560). Appellant's contention that his conviction was contrary to law is without merit.

2. Appellant's enumeration of error that his Sixth Amendment rights were violated by inadequacy of counsel is without merit. The proper test to be applied to this issue is a two-part test; that is, "a showing must be made that counsel was deficient, and that the deficient performance prejudiced the defense." *Timberlake v. State,* 200 Ga. App. 64, 69 (5) (406 SE2d 537), citing *Strickland v. Washington,* 466 U. S. 668 (104 SC 2052, 80 LE2d 674).

Appellant makes a general assertion that his trial defense counsel had inadequate time to prepare before trial. "There exists no specified amount of time which a counsel must spend in preparation for trial; each situation must be judged upon its own circumstances and in light of its own degree of complexity." *Datz v. State,* 210 Ga. App. 517, 518 (3) (a) (436 SE2d 506). This case was not complex. Further, there was no total failure of trial preparation as in *Cochran v. State,* 262 Ga. 106 (414 SE2d 211). Appellant claimed an alibi defense, and a vigorous alibi defense was presented at trial; during motion for new trial, appellant reaffirmed that had he testified, he would have asserted the same alibi defense as presented in his behalf by his seven alibi witnesses. Appellant's counsel's representation was not deficient merely because of the amount of time spent in pretrial preparation.

Appellant contends that his counsel was deficient in failing to file any pretrial motions; however, appellant makes no showing how he was prejudiced by such failure. Suffice it to say that appellant has the burden to demonstrate that his counsel was deficient in any particular phase of representation. See *Rachell v. State,* 210 Ga. App. 106, 108 (3) (a) (435 SE2d 480). We will not presume a deficiency resulted

merely from counsel's failure to file standard pretrial motions. For example, it is not deficient to fail to file a motion which is frivolous. See *Watkins v. State,* 206 Ga. App. 575, 577 (3) (426 SE2d 26); compare *Wheeler v. State,* 212 Ga. App. 638 (2) (442 SE2d 906).

Appellant contends trial counsel erred in failing to object to the pretrial and in-court identification testimony of the victims. Our examination of the record reveals that the questioned evidence was admissible. We find that each of the victim's, including Ms. Russell's, in-court identification of appellant had an "independent origin" within the meaning of *Munn v. State,* 208 Ga. App. 674, 676 (5) (d) (431 SE2d 447), and that there exists no affirmative showing on the record that it was error to admit the victims' testimony as to their pretrial identification of appellant from various photographs presented to them by the police. We note that at the motion for new trial hearing, trial counsel testified that he did not find anything impermissible in the photographic process by the sheriff which would warrant challenge at trial. Additionally, during the motion for new trial hearing, appellant's appellate counsel did not attempt to ascertain the availability of the photographs exhibited by the police and to have them appended to the record as an appellate exhibit. We will not conclude that the photographic display was unduly suggestive when appellant's counsel elected not to attempt to supplement the record by attaching the photographs thereto for appellate consideration or to establish that through State misconduct such evidence was no longer available. The record before us is completely silent as to the physical characteristics of the person or persons depicted in the photographs. Error will not be presumed from a silent record. Compare *Williams v. State,* 188 Ga. App. 496 (3) (373 SE2d 281).

Appellant contends that his trial counsel was professionally deficient in refusing to allow him to testify notwithstanding his desire to do so. Trial counsel testified that he presented seven alibi witnesses whose testimony he considered to be more believable than the appellant's; counsel concluded that the jury would either acquit appellant based on its belief of appellant's seven alibi witnesses or would not believe the defense at all even with appellant testifying as the eighth alibi witness. Trial counsel "did not feel [appellant] was a good witness." As a result, trial counsel "merely advised [appellant] that [counsel] did not think that it was to [appellant's] advantage for him to testify, and [appellant] agreed with that." Trial counsel further testified that he does not make the ultimate decision whether a client will testify. Appellant made an in-court concession (compare *Hargroves v. State,* 179 Ga. 722, 725 (4) (177 SE 561); *Lamb v. Decatur Federal &c.,* 201 Ga. App. 583, 588 (411 SE2d 527)) that he wanted to testify, but trial counsel said it would not be in his favor to do so; appellant wanted to testify, but he agreed with the advice of his coun-

sel whom he thought was doing the right thing; and trial counsel did not do anything to prevent appellant from testifying. Trial counsel's advice to appellant not to testify was a legitimate trial tactic or trial strategy; appellant has failed to establish that counsel's professional conduct was deficient in the rendering of this advice. Compare *Datz*, supra at 518 (3) (c); see *Barron v. State*, 264 Ga. 865, 866 (2) (452 SE2d 504); *Weldon v. State*, 202 Ga. App. 150, 152 (2) (413 SE2d 466); see also *Etheridge v. State*, 210 Ga. App. 96, 98 (1) (435 SE2d 292) (no showing testimony would be of benefit or relevant).

Appellant's remaining assertions of deficient professional representation by trial counsel fail to meet the first prong of the *Strickland* test. "There is a strong presumption that trial counsel's performance falls within the wide range of reasonable professional assistance, and that any challenged action by trial counsel might be considered sound trial strategy." (Citation and punctuation omitted.) *Ferrell v. State*, 261 Ga. 115, 119 (3) (401 SE2d 741). Appellant has the burden to establish that he has received ineffective assistance of trial counsel. *Rachell*, supra at 108 (3) (a). Appellant has failed to carry this burden as to any of these contentions of inadequacy of counsel and has failed to overcome the broad presumption of effective assistance of counsel. Id. We will not conclude trial counsel's professional assistance was deficient in the absence of adequate proof of such claim.

Assuming arguendo that appellant had established his trial counsel's professional representation was deficient in one or more ways asserted on appeal, he has nevertheless failed to carry his burden to establish how his defense was prejudiced thereby. Notwithstanding his aggressive alibi defense, our exhaustive examination of the record and transcript establishes that "appellant's conviction resulted not from any deficiency in his legal representation but from the overwhelming evidence of his guilt." *Norris v. State*, 176 Ga. App. 164, 168 (8) (335 SE2d 611). " 'The evidence of appellant's guilt is overwhelming. He has failed to demonstrate that there is a reasonable probability that, absent the alleged errors, the verdict of the jury would have been different.' *Johnson v. State*, 761 P2d 484, 490 (Okl. 1988)." *Hite v. State*, 208 Ga. App. 267, 270 (2) (430 SE2d 125) (physical precedent only). Appellant has failed to demonstrate that his representation by trial counsel prejudiced his defense within the meaning of the second prong of *Strickland*, supra.

*Judgment affirmed. Johnson and Smith, JJ., concur.*

DECIDED NOVEMBER 27, 1995.

*Lawrence F. Klar*, for appellant.

*William T. McBroom III, District Attorney, Daniel A. Hiatt, Assistant District Attorney*, for appellee.