A96A0949. WHITE v. THE STATE.
(473 SE2d 539)

BIRDSONG, Presiding Judge.

Willard Frank White appeals his conviction of rape, aggravated sodomy, and two counts of child molestation of his 33-month-old granddaughter and enumerates three errors. For prior appellate history, see *White v. State*, 211 Ga. App. 694 (440 SE2d 68). *Held*:

1. Appellant's first enumeration "is that hearsay was continuously and erroneously admitted concerning statements which the two-and-one-half-year old child made to various [persons] which they interpreted . . . to be allegations of sexual abuse because no hearing was conducted to ascertain whether there was sufficient indicia of reliability to admit the statements which were substantially the evidence against the accused. . . . This was an abuse of discretion . . . even though the defense attorney did not object at trial . . . [and] was certainly harmful error because the defendant would not have been convicted but for the admission of improper evidence which was

highly unreliable and contained no indication of reliability." This single enumeration asserts, at least, three separate errors: the erroneous admission of hearsay, the lack of a hearing on child hearsay statement admissibility, and insufficient indicia of reliability for admission of child hearsay statements. OCGA § 5-6-40 requires that enumerations shall set out separately each error upon which relied. "When an appellant argues more than one error within a single enumeration, this court in its discretion may elect to review none of the errors so enumerated in violation of OCGA § 5-6-40 [cit.] or elect to review any one or more of the several assertions of error contained within the single enumeration and treat the remaining assertions of error therein as abandoned." *Robinson v. State*, 200 Ga. App. 515, 518 (2) (b) (408 SE2d 820); accord *Wilson v. Southern R. Co.*, 208 Ga. App. 598, 606 (6) (431 SE2d 383). We elect in our discretion to review none of these multiple assertions of error.

Additionally, the issue of lack of indicia of reliability of the victim's statements was adversely determined against appellant in *White v. State*, supra at 694-695 (1). Further, appellant concedes in his enumeration that no timely objection on the specific grounds enumerated was made at trial by appellant's defense counsel to the evidence at issue. Accordingly, the errors asserted in appellant's first enumeration were not preserved on appeal. *Lawton v. State*, 259 Ga. 855, 856 (2) (388 SE2d 691); *Ray v. State*, 187 Ga. App. 451, 452 (370 SE2d 629).

2. Appellant contends that one of his jurors knew that appellant had been tried and found guilty in 1992, but nevertheless failed to answer affirmatively when the trial court asked the jurors on voir dire: "Do any of you know any reason you would have formed any opinion about the guilt or innocence of Mr. White before we begin the trial of the case? Would you know of any bias or prejudice you might have for or against the accused before we begin the trial? Is your mind perfectly impartial between the State and the accused before we begin?" Appellant contends that the juror's failure to respond affirmatively when asked about any bias or prejudice toward the accused deprived appellant of his right to select an impartial jury and constituted prejudicial error. In denying the new trial motion, the trial court ruled inter alia that the juror in question "testified that at the time of the trial of [appellant] in January of 1995, that she did not know any facts about the case and did not form any opinion about the guilt or innocence of the [appellant]." This ruling was made following a post-trial hearing on appellant's new trial motion.

At the post-trial hearing, the niece and sister of appellant testified as to certain conversations allegedly occurring between the juror and appellant's sister after appellant's conviction and before his sentencing in the 1992 trial. However, the juror testified and denied that

any such conversations occurred and also unequivocally denied any knowledge of the 1992 trial of appellant until approximately two weeks after his second trial. The trial court determined the credibility of the three witnesses and denied the motion. In doing so, the court considered the relationship of the witnesses to appellant and the nature of their testimony, and expressly ruled that "I just choose to believe [the juror's] version of the case." An appellate court cannot judge witness credibility or weigh conflicts in testimony. See *Webb v. State*, 187 Ga. App. 348 (1) (370 SE2d 204); *Banks v. State*, 185 Ga. App. 851 (3) (366 SE2d 228). By its determination that the juror's version of events was credible, the trial court inherently found as a question of fact that the juror did not possess any knowledge of appellant's prior 1992 conviction until after appellant's second trial. The denial of appellant's new trial motion on this particular ground involved both a mixed question of law and fact; first, the trial court determined the fact whether the juror had knowledge of the 1992 conviction at the time of appellant's second trial and, after determining witness credibility and per force finding that such knowledge did not exist, then applied the applicable law to deny appellant's motion as to this ground. "We will not reverse the trial court's fact findings which underpin its legal conclusion made at a [motion for new trial hearing], unless they are clearly erroneous." *Whatley v. State*, 196 Ga. App. 73, 78 (5) (395 SE2d 582) (findings as to mixed question of law and fact made at a suppression hearing). We also find de novo that the evidence at the pretrial hearing is sufficient to support the findings of fact of the trial court inherent in its determination that the juror's version of events were credible.

" 'In order to obtain a new trial, [appellant] must show that the juror[ ] failed to answer honestly a material question and that the correct response would have provided a valid basis for a challenge for cause.' " *Maxwell v. State*, 218 Ga. App. 780, 781 (1) (463 SE2d 517). As appellant failed to prove that the juror was in fact aware of the prior 1992 conviction at appellant's second trial, he has not carried his burden of showing that the juror failed to answer honestly a material question on voir dire.

3. Appellant asserts in his enumeration of error that he was denied effective assistance of counsel on three specific grounds: (a) failed to challenge numerous contradictions of testimony and to impeach the witnesses, (b) failed to discredit the interview with the child, and (c) failed to renew the motion for change of venue at the start of trial. Under *Strickland v. Washington*, 466 U. S. 668, 687 (104 SC 2052, 80 LE2d 674), "[t]o establish ineffective assistance of counsel, [appellant] must show that his counsel's performance was deficient and that the deficient performance prejudiced his defense." *Gross v. State*, 262 Ga. 232, 233 (1) (416 SE2d 284). "A strong pre-

sumption exists that trial counsel's performance, in any given case, falls within the wide range of reasonable professional assistance, and that any challenged action by trial counsel might be considered strong trial strategy." *Rachell v. State*, 210 Ga. App. 106, 108 (2) (a) (435 SE2d 480).

At the hearing on the new trial motion, appellant's appellate counsel argued those points which appellant contended would support his inadequacy of counsel claim; appellant elected not to call his trial defense counsel as a witness and presented no other witness testimony in support of his claim. At the hearing, appellant asserted that his trial defense counsel could have impeached prosecution witnesses with several alleged prior inconsistent statements made by them at his 1992 trial. However, appellant has failed to include a transcript of the 1992 trial in the appellate record, or to move timely for leave to supplement the record with such transcript. We have already granted appellant one opportunity to supplement the record belatedly by addition of the new trial motion hearing transcript; yet at no time has appellant timely moved for permission to supplement the record with the 1992 trial transcript. The absence of the 1992 trial transcript compels this Court to presume that trial defense counsel's conduct was not deficient in failing to utilize evidence in that transcript in an attempt to impeach prosecution witnesses. See *Johnson v. Bruno's, Inc.*, 219 Ga. App. 164, 165 (3) (464 SE2d 259); *Jackson v. State*, 213 Ga. App. 170, 171 (2) (a) (444 SE2d 126); *Ross v. State*, 195 Ga. App. 624, 626 (3) (394 SE2d 418). Additionally, appellant has failed to overcome the presumption that his election not to use the transcript was based upon sound trial strategy; the strategic desirability of not alerting the jury to appellant's prior 1992 trial for the same offense is obvious. Appellant has failed to show that his trial defense counsel's failure to use the 1992 trial transcript in an attempt to impeach witnesses was professionally deficient conduct within the meaning of *Strickland*, supra.

Regarding appellant's enumeration of ineffective assistance in that trial defense counsel failed "to discredit the interview with the child," appellant's sole argument in support of this claim is that "his counsel failed to attack the interview with the child in regards to the numerous leading questions that were used by the investigators." Other issues, if any, which might have been advanced to support a claim of professional deficiency by failing "to discredit the interview with the child" are deemed to be abandoned on appeal. *Moore v. Winn-Dixie Stores*, 214 Ga. App. 157, 158 (1) (447 SE2d 122). " 'The decisions on which witnesses to call, whether and how to conduct cross-examinations, what jurors to accept or strike, what trial motions should be made, and all other strategies and tactical decisions are the exclusive province of the lawyer after consultation with

[the] client.'" *Hudson v. State,* 218 Ga. App. 671, 672 (462 SE2d 775). Appellant has failed to overcome the presumption that counsel's election not to attempt to discredit the child's statements on the grounds that leading questions were utilized in the interview techniques of the witnesses was based upon sound trial strategy. In this regard, the record reveals that the child was present and available to testify had either side elected to call her to the stand. The strategic desirability of not attacking the admissibility of the child's pretrial statements on the mere claim that leading questions were employed, and thereby run a risk that the State would elect to call the child to the stand to testify in person, also is too obvious to require detailed analysis. Appellant has failed to carry his burden of showing that his trial defense counsel was professionally deficient in failing to discredit the child's pretrial statements, on the grounds that leading questions had been employed during the interview process, within the meaning of *Strickland,* supra.

Appellant's final contention is that trial defense counsel engaged in inadequate representation by failing to renew her motion for change of venue before trial notwithstanding that one member of the jury stated that she had served on a jury in 1992. The trial court immediately conducted a bench conference with counsel and the potential juror outside the hearing of the other jurors. The juror then stated she believed she had sat on the jury in 1992 as appellant's name and the case were familiar. The juror was forthwith excused without further comment being uttered by her within the hearing of the other jurors, and the bench conference was concluded. OCGA § 17-7-150 (a) (1) provides the statutory standard for granting change of venue based on a claim that an impartial jury cannot be obtained to try the case. "To prevail on a motion for change of venue pursuant to OCGA § 17-7-150 (a), a defendant must show either that the setting of the trial was inherently prejudicial or that the jury selection process showed actual prejudice to a degree that rendered a fair trial impossible." *Cheeks v. State,* 203 Ga. App. 47, 49 (3) (b) (416 SE2d 336). The record contains no evidence which would support a change of venue on either of the above grounds, and appellant can but speculate, based on contents of the record, that the trial court would have granted a change of venue had the motion been renewed. The filing of frivolous motions is not condoned, let alone required of competent counsel. See *Pendleton v. State,* 184 Ga. App. 358, 359-360 (1) (361 SE2d 663). It is not deficient to fail to file a frivolous motion. *Williams v. State,* 219 Ga. App. 167, 169 (464 SE2d 404).

Moreover, the decision whether or when to file or renew a motion for change of venue, as with other motions, is a matter of trial strategy or tactics within the meaning of *Hudson,* supra. Appellant has failed to overcome the presumption that trial defense counsel's fail-

ure to renew the motion for change of venue might be a decision based upon sound trial strategy; he "has failed to overcome the broad presumption of effective assistance of counsel." *Rachell v. State*, supra at 108 (3) (a). "Under the circumstances in this case, and relying on the 'strong presumption' that counsel's performance was not deficient" (*Luallen v. State*, 266 Ga. 174, 176 (3) (a) (465 SE2d 672)), we find appellant has failed to establish that counsel's failure to renew the motion for change of venue constituted conduct that was professionally deficient within the meaning of *Strickland*, supra.

Additionally, the trial court expressly found "as a matter of fact and law that [appellant's trial defense] attorney . . . was not ineffective." " 'The trial court's determination that [appellant] has not been denied effective assistance of counsel will be affirmed on appeal unless that determination is clearly erroneous.' " *Hudson*, supra at 672 (1). The trial court's finding was not clearly erroneous.

*Judgment affirmed. Beasley, C. J., and Blackburn, J., concur.*

DECIDED JUNE 25, 1996.

*White & Choate, Harold J. Choate III*, for appellant.
*T. Joseph Campbell, District Attorney, Sharon M. Fox, Assistant District Attorney*, for appellee.

