A96A1792. REDDIN v. THE STATE.
(476 SE2d 882)

BIRDSONG, Presiding Judge.
Pursuant to the grant of his motion for out-of-time appeal, Ken-

---

neth Dean Reddin appeals his conviction of aggravated assault upon a peace officer (OCGA § 16-5-21 (c)) and misdemeanor obstruction of a law enforcement officer (OCGA § 16-10-24 (a)).

Although the facts surrounding this incident were contested by appellant and his witnesses at trial, examination of the record in the light most favorable to the verdict reveals the following: Appellant was the middle passenger in a pickup truck being driven by a female friend; appellant's sister also was a passenger in the truck. A car traveling in the opposite direction allegedly attempted to run the truck off the road. The driver turned the truck around and pursued the car in an attempt to obtain its license number. In pursuing the car, the truck came upon another vehicle stopping to turn; the driver of the truck swerved into the oncoming lane of traffic to avoid a collision. A rookie deputy sheriff driving an approaching patrol car was forced off the roadway by the actions of the driver of the truck. The driver of the truck got back in her lane and proceeded to drive to a nearby gas station where she stopped. The deputy who had activated his blue lights and siren and was in pursuit of the truck observed it pull into the station and pulled in behind it. The truck driver exited her vehicle and was ordered by the sheriff to get back into the truck. After calling his dispatcher, the deputy approached the truck and asked the driver for her driver's license and insurance card. Smelling alcohol within the truck, the deputy asked the driver to exit the vehicle; at this point, appellant cursed at the officer and stated that the driver did not have to leave the vehicle. The deputy admitted that at this point he was only going to charge the driver with improper passing and not with DUI. The deputy returned to the open truck door and directed appellant to exit the vehicle; this action was taken because appellant had acted in a belligerent manner and the deputy was concerned for his personal safety and wanted to observe appellant. The deputy testified that when he issued this order he believed appellant was not the driver of the truck, that he had seen no weapons, and that he then had no articulable suspicion that appellant either had a weapon or had broken any laws. Appellant told the deputy that he would not exit the truck because he did not want to be arrested for "public drunk." Appellant then threw and struck the deputy on the shoulder with a lit cigarette; the deputy decided to arrest appellant for simple battery. The deputy attempted to handcuff appellant who swung at him simultaneously. Appellant struggled, pulled the deputy inside of the truck and attempted to hold the deputy down. Appellant then hit the deputy several times with the handcuffs injuring him. Appellant exited the truck and ran into the woods where he was subsequently arrested by other deputies. The deputy was taken to an emergency room where he received 18 stitches for injuries across the top of his left eye, the side of his head, behind his

ear, and on the back of his hand; he also suffered smaller cuts and bruises. *Held*:

1. On appeal the evidence must be viewed in the light most favorable to support the verdict, and appellant no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. *Grant v. State*, 195 Ga. App. 463 (1) (393 SE2d 737). Review of the transcript reveals ample evidence from which any rational trier of fact could have found beyond a reasonable doubt that appellant was guilty of the offenses of which he was found guilty. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). Additionally, an accused's flight, such as occurred in this case, is circumstantial evidence of consciousness of guilt; the fact a suspect flees the crime scene points to the question of guilt in a circumstantial manner. *Campbell v. State*, 215 Ga. App. 14, 15 (1) (449 SE2d 366). It was for the jury, weighing the evidence and determining witness credibility, to decide whether appellant was lawfully arrested and had assaulted the deputy during the course thereof, or whether appellant was subjected to an unlawful arrest and had merely used that reasonable force necessary to resist an unlawful arrest. The jury was within its province to resolve the conflict of evidence against appellant. See *Searcy v. State*, 236 Ga. 789, 790 (225 SE2d 311).

2. "[A] motion for directed verdict in a criminal trial should only be granted where there is no conflict in the evidence and the evidence demands a verdict of acquittal as a matter of law." *Taylor v. State*, 252 Ga. 125, 127 (1) (312 SE2d 311). Further, the test established in *Jackson v. Virginia*, supra, "is the proper test for us to use when the sufficiency of the evidence is challenged, whether the challenge arises from the overruling of a motion for directed verdict or the overruling of a motion for new trial based upon alleged insufficiency of the evidence." *Humphrey v. State*, 252 Ga. 525, 527 (1) (314 SE2d 436). Under either test appellant's second enumeration of error is without merit. Having stopped the vehicle for a traffic offense committed in his presence, the deputy could proceed to conduct an investigative detention for a reasonable period of time. During that investigation, he smelled alcohol inside the truck. Under the existing circumstances, the deputy "could *continue* to detain temporarily [the vehicle driver and passengers] 'to maintain the status quo momentarily while obtaining more information' "; and could take reasonable measures to ensure his safety. *Mallarino v. State*, 190 Ga. App. 398, 401 (2) (379 SE2d 210). During that legitimate temporary detention, appellant assaulted the deputy by striking him with a lit cigarette; at that point the deputy had probable cause to arrest appellant for a crime committed in his presence. Considering the circumstances, we find that the deputy acted reasonably in his initial detention of the

vehicle and its passengers, his subsequent limited investigative inquiry, and his ultimate attempt to arrest appellant who committed a criminal offense during the course of that lawful inquiry. In view of our holding here and in Division 1, appellant's second enumeration is without merit.

3. Appellant also asserts ineffective assistance of counsel. "The applicable appellate standard is the two-prong test of *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674)." *Rachell v. State*, 210 Ga. App. 106, 107 (3) (a) (435 SE2d 480). The burden is on appellant to establish he received ineffective assistance of trial counsel. Id. at 108.

(a) The decisions on what witnesses to call, whether and how to conduct cross-examination, what jurors to accept or strike, what trial motions should be made, and all other strategic and tactical decisions are the exclusive province of the lawyer after consultations with his client. *Van Alstine v. State*, 263 Ga. 1, 3 (426 SE2d 360). Appellant asserts he ordered counsel to subpoena certain witnesses; inherent within this claim is a concession that he and his counsel consulted regarding the matter. The ultimate decision thereafter rested with counsel. Id.

(b) Likewise, it lies within the province of counsel to determine, as a matter of trial strategy or tactics, what physical evidence to subpoena and present at trial in behalf of his client, as these decisions too relate to matters of trial strategy and tactics. Id. Again appellant's contention that he requested that such evidence be present perforce establishes his consultation with his counsel regarding these matters.

(c) The trial court found that the evidence did not support appellant's claim of any violation of the rule of sequestration about which appellant's counsel should have complained. The record supports this finding. Moreover, the decision by counsel whether to report a sequestration rule violation is one of trial tactics and strategy.

(d) Appellant has failed to establish that any "deal" existed between Teresa Redden and the State. It is not deficient conduct for counsel to fail to inquire into a non-existent matter. Further, a decision how to conduct cross-examination is a tactical decision to be made by counsel. Id. at 3.

(e) The evidence is conflicting as to the amount of time counsel spent in reviewing the case and discussing it with appellant. "There exists no specified amount of time which a counsel must spend in preparation for trial; each situation must be judged upon its own circumstances and in light of its own degree of complexity." *Datz v. State*, 210 Ga. App. 517, 518 (3) (a) (436 SE2d 506). Also, "[t]here is a strong presumption that trial counsel's performance 'falls within the wide range of reasonable professional assistance.' " *Ferrell v. State*,

261 Ga. 115, 119 (3) (401 SE2d 741). Appellant has failed to overcome this presumption.

(f) Appellant was not illegally detained by the deputy; a motion to suppress evidence on that ground would have been frivolous. "It is not deficient to fail to file a frivolous motion." *White v. State*, 221 Ga. App. 860, 864 (3) (473 SE2d 539).

(g) Trial defense counsel testified that he did advise appellant of the punishment, and that he did enter into some plea negotiation as to the possibility of obtaining a ten-year sentence. However, plea negotiations were not seriously conducted as appellant informed counsel that there was to be "a trial." Appellant has failed to overcome the strong presumption that his counsel rendered him "reasonable professional assistance" as to these matters. See *Ferrell*, supra at 119 (3).

We conclude that as to this enumeration of error, appellant "failed to carry his burden and has failed to overcome the broad presumption of effective assistance of counsel" (*Rachell*, supra at 108 (3) (a); *Luallen v. State*, 266 Ga. 174, 176 (3) (a) (465 SE2d 672) (presumption that counsel's performance is not deficient)). Further, "a trial court's finding that appellant had been afforded effective assistance of counsel must be upheld unless that finding is clearly erroneous." *Datz v. State*, supra at 519 (3) (d). Appellant has failed to establish that the trial court's finding was clearly erroneous as to any of his claims of ineffective assistance of counsel.

4. "A photograph which shows mutilation of a victim resulting from the crime against him may, however gruesome, have relevance to the trial of his alleged assailant." *Love v. State*, 259 Ga. 468 (2) (383 SE2d 897). Appellant failed to show the trial court abused its discretion in admitting the photographs.

5. Appellant's contention that the trial court erred in admitting opinion testimony of a certified paramedic (who also had on-the-job experience as to the nature of injuries inflicted by a fist or by hard objects and sustained by victims during domestic disputes) as to the cause of the deputy's wounds is without merit. The State laid an adequate foundation for the opinion of the certified paramedic, either as an expert or as a lay witness. See generally OCGA §§ 24-9-65; 24-9-67; compare *Peebles v. State*, 260 Ga. 430, 433 (3) (396 SE2d 229). Admission of this evidence rested in the sound discretion of the trial court. See *Sims v. State*, 260 Ga. 782, 783 (3) (399 SE2d 924). Appellant has shown no breach of discretion by the trial court. Further, appellant waived on appeal any issue whether the testimony of the paramedic was within the ken of the jury, by failing to object on those specific grounds at trial. *Ray v. State*, 187 Ga. App. 451, 452 (370 SE2d 629). Additionally, as the opinion testimony was cumulative of other admissible evidence of record, any occurring error in its admis-

sion would be harmless. See *Scott v. State*, 206 Ga. App. 23, 26 (1) (c) (424 SE2d 328).

6. Prior to opening statements the trial court instructed the jury that opening statements are not evidence and are not to be considered as such by the jury. The trial court further instructed the jury in its final charge that evidence "does not include the indictment or the opening statements or closing arguments by the attorneys." During its opening statement the State in essence requested the jury to imagine being dragged into the cab of a truck and being beaten by another's fist holding your own handcuffs and to imagine having received the type of injuries sustained by the deputy. Appellant objected to such argument solely on the ground that "this is a closing argument." The trial court responded by stating "I don't know that he's outside the bounds of an opening statement at this point." Appellant did not request an express ruling on his objection, or request a curative instruction or move for mistrial.

Appellant's claim of error on the grounds that the jury was invited to place itself in the victim's place in regard to the crime (*Burgess v. State*, 264 Ga. 777, 785 (20) (450 SE2d 680)) is beyond the scope of the specific objection made at trial and is not preserved on appeal. *Ray v. State*, supra.

On appeal, appellant urges reversible error occurred as the prosecutor's statements constituted "argument in an opening statement" and "it is argument that is improper at any point in the trial." Assuming without deciding the State made closing argument to the jury during its opening statement in view of the posture of the trial record in toto, and particularly considering the trial court's preliminary and final instructions to the jury, it is highly probable that such conduct, standing alone, did not contribute to the jury verdict; thus error, if any, was harmless. *Johnson v. State*, 238 Ga. 59, 61 (230 SE2d 869). Additionally, as no motion for mistrial was made, our holding is consistent with the well-established rule that an appellate court will not grant more relief than actually prayed for at trial. *Harris v. State*, 202 Ga. App. 618, 619 (3) (a) (414 SE2d 919); compare *Sanford v. State*, 261 Ga. 556 (2) (c) (408 SE2d 110) (no error found where, after an objection to the State's closing argument was overruled, no request for curative instruction or motion for mistrial was made).

*Judgment affirmed. Blackburn, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED OCTOBER 10, 1996 — 

*William A. Jordan*, for appellant.

*Garry T. Moss, District Attorney, Rachelle L. Strausner, Assistant District Attorney,* for appellee.